## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### SECOND JUDICIAL DISTRICT

**JACOB A. CARTER**                                                    **PLAINTIFF**

**VERSUS**                                CIVIL ACTION NO. *A2402- 2020-66*

**THOR INDUSTRIES, INC.;**
**THOR MOTOR COACH, INC.;**
**CAMPING WORLD RV SALES, LLC; and**
**BANK OF THE WEST**                                                   **DEFENDANTS**

### SUMMONS

**THE STATE OF MISSISSIPPI**

TO:   **Camping World RV Sales, LLC**
      **By and through its Registered Agent**
      **C.T. Corporation System**
      **645 Lakeland East Drive, Suite 101**
      **Flowood, Mississippi 39232.**

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

    You are required to mail or hand-deliver a copy of a written response to the
Complaint to G. Morgan Holder, the attorney for the Plaintiff(s), whose street address
and post office address are: *Smith & Holder, PLLC,* 2209 23rd Avenue, Gulfport,
Mississippi (39501); Post Office Box 1149, Gulfport, Mississippi 39502. Your response
must be mailed or delivered within thirty (30) days from the date of the delivery of this
Summons and Complaint or a judgment by default will be entered against you for the
relief, money, or other things demanded in the Complaint.

    You must also file the original of your response with the Clerk of this Court within
a reasonable time afterward.

    ISSUED UNDER MY HAND AND SEAL, this *20th* day of February, 2020.

                             **CLERK OF CIRCUIT COURT**
                             **HARRISON COUNTY, MISSISSIPPI**

               BY:

                        **CONNIE LADNER, CIRCUIT CLERK**
                        **PO BOX 235**
                        **BILOXI MS 39533**

**EXHIBIT A**

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**SECOND JUDICIAL DISTRICT**

**JACOB A. CARTER**                                                              **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. A2402-2020-66**

**THOR INDUSTRIES, INC.;**
**THOR MOTOR COACH, INC.;**
**CAMPING WORLD RV SALES, LLC; and**
**BANK OF THE WEST**                                                          **DEFENDANTS**

### NOTICE AND ACKNOWLEDGEMENT OF SERVICE BY MAIL

TO:   Camping World RV Sales, LLC
      By and through C.T. Corporation System, its Registered Agent
      645 Lakeland East Drive, Suite 101
      Flowood, Mississippi 39232

The enclosed Summons and Complaint are served pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure.

You must sign and date the acknowledgement at the bottom of this page. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 20 days of the date of mailing shown below, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint.

*If you do complete and return this form, you (or the party on whose behalf you are being served) must respond to the Complaint within thirty (30) days of the date of your signature.* If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

I declare that this Notice and Acknowledgement of Receipt of Summons and Complaint was mailed on March 11, 2020.

                                            _____
                                            G. Morgan Holder (MSB# 104131)
                                            *Counsel for Plaintiff*

## THIS ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS AND COMPLAINT MUST BE COMPLETED

I acknowledge that I have received a copy of the Summons and Complaint in the above-captioned matter in the Circuit Court of the Second Judicial District of Harrison County, Mississippi.

_____
Signature

_____
(Relationship to Entity/Authority to Receive Service of Process)

_____
Date of Signature

STATE OF MISSISSIPPI
COUNTY OF _____

Personally appeared before me, the undersigned authority in and for the State and County aforesaid, the above named _____, who being first duly sworn by me solemnly and truly declared and affirmed before me that the matters and facts set forth in the foregoing Acknowledgement of Receipt of Summons and Complaint are true and correct as therein stated.

Affirmed and subscribed before me this _____ day of _____, 2020.

_____
NOTARY PUBLIC

My Commission Expires:

_____

Prepared by:

G. Morgan Holder (MSB# 104131)
SMITH & HOLDER, PLLC
Post Office Box 1149
Gulfport, MS 39502-1149
Telephone: (228) 206-7076
Email: morgan@smithholder.com

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

JACOB A. CARTER                                                    **PLAINTIFF**

**VERSUS**                              CIVIL ACTION NO. A2402-2020-66

THOR INDUSTRIES, INC.;
THOR MOTOR COACH, INC.;
CAMPING WORLD RV SALES, LLC; and
BANK OF THE WEST                                                   **DEFENDANTS**

## SUMMONS

**THE STATE OF MISSISSIPPI**

TO:   Thor Industries, Inc.
      By and through its Registered Agent
      C.T. Corporation System
      150 West Market Street, Suite 800
      Indianapolis, Indiana, 46204.

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

    You are required to mail or hand-deliver a copy of a written response to the
Complaint to G. Morgan Holder, the attorney for the Plaintiff(s), whose street address
and post office address are:  *Smith & Holder, PLLC,*  2209 23rd Avenue, Gulfport,
Mississippi (39501); Post Office Box 1149, Gulfport, Mississippi 39502. Your response
must be mailed or delivered within thirty (30) days from the date of the delivery of this
Summons and Complaint or a judgment by default will be entered against you for the
relief, money, or other things demanded in the Complaint.

    You must also file the original of your response with the Clerk of this Court within
a reasonable time afterward.

    ISSUED UNDER MY HAND AND SEAL, this 20th day of February, 2020.

                         CLERK OF CIRCUIT COURT
                         HARRISON COUNTY, MISSISSIPPI

                    BY: _____

                         CONNIE LADNER, CIRCUIT CLERK

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**SECOND JUDICIAL DISTRICT**

JACOB A. CARTER                                                      **PLAINTIFF**

VERSUS                                    CIVIL ACTION NO. *A2402-2020-66*

THOR INDUSTRIES, INC.;
THOR MOTOR COACH, INC.;
CAMPING WORLD RV SALES, LLC; and
BANK OF THE WEST                                                  **DEFENDANTS**

<div align="center"><u>SUMMONS</u></div>

THE STATE OF MISSISSIPPI

TO:   Bank of the West
      By and through its Registered Agent
      C.T. Corporation System
      645 Lakeland East Drive, Suite 101
      Flowood, Mississippi 39232.

<div align="center">NOTICE TO DEFENDANT</div>

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the
Complaint to G. Morgan Holder, the attorney for the Plaintiff(s), whose street address
and post office address are: *Smith & Holder, PLLC*, 2209 23rd Avenue, Gulfport,
Mississippi (39501); Post Office Box 1149, Gulfport, Mississippi 39502. Your response
must be mailed or delivered within thirty (30) days from the date of the delivery of this
Summons and Complaint or a judgment by default will be entered against you for the
relief, money, or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within
a reasonable time afterward.

ISSUED UNDER MY HAND AND SEAL, this 20th day of February, 2020.

CLERK OF CIRCUIT COURT
HARRISON COUNTY, MISSISSIPPI

BY: _____

CONNIE LADNER, CIRCUIT CLERK
HARRISON COUNTY
PO BOX 235
BILOXI MS 39533

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## SECOND JUDICIAL DISTRICT

**JACOB A. CARTER**                                                                 **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. A2402-2020-66**

**THOR INDUSTRIES, INC.;**
**THOR MOTOR COACH, INC.;**
**CAMPING WORLD RV SALES, LLC; and**
**BANK OF THE WEST**                                                     **DEFENDANTS**

### NOTICE AND ACKNOWLEDGEMENT OF SERVICE BY MAIL

TO:   Bank of the West
      By and through C.T. Corporation System, its Registered Agent
      645 Lakeland East Drive, Suite 101
      Flowood, Mississippi 39232

The enclosed Summons and Complaint are served pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure.

You must sign and date the acknowledgement at the bottom of this page.  If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity.  If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 20 days of the date of mailing shown below, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint.

*If you do complete and return this form, you (or the party on whose behalf you are being served) must respond to the Complaint within thirty (30) days of the date of your signature.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.*

I declare that this Notice and Acknowledgement of Receipt of Summons and Complaint was mailed on March 11, 2020.

G. Morgan Holder (MSB# 104131)
*Counsel for Plaintiff*

## THIS ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS AND COMPLAINT MUST BE COMPLETED

I acknowledge that I have received a copy of the Summons and Complaint in the above-captioned matter in the Circuit Court of the Second Judicial District of Harrison County, Mississippi.

_____

Signature

_____

(Relationship to Entity/Authority to Receive Service of Process)

_____

Date of Signature

STATE OF MISSISSIPPI
COUNTY OF _____

Personally appeared before me, the undersigned authority in and for the State and County aforesaid, the above named _____, who being first duly sworn by me solemnly and truly declared and affirmed before me that the matters and facts set forth in the foregoing Acknowledgement of Receipt of Summons and Complaint are true and correct as therein stated.

Affirmed and subscribed before me this _____ day of _____, 2020.

_____

NOTARY PUBLIC

My Commission Expires:

_____

**Prepared by:**

G. Morgan Holder (MSB# 104131)
SMITH & HOLDER, PLLC
Post Office Box 1149
Gulfport, MS 39502-1149
Telephone: (228) 206-7076
Email: morgan@smithholder.com

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT**

JACOB A. CARTER                                              **PLAINTIFF**

FILED
FEB 2 0 2020
CONNIE LADNER
CIRCUIT CLERK
BY _____ D.C.

**VERSUS**                          CIVIL ACTION NO. A2402-2020-66

THOR INDUSTRIES, INC.;
THOR MOTOR COACH, INC.;
CAMPING WORLD RV SALES, LLC; and
BANK OF THE WEST                                          **DEFENDANTS**

---

**COMPLAINT – JURY TRIAL REQUESTED**

---

NOW INTO COURT comes JACOB A. CARTER ("Mr. Carter"), by and through

her counsel, Smith & Holder, PLLC, and files his Complaint against the Defendants,

THOR INDUSTRIES, INC.; CAMPING WORLD RV SALES, LLC; and BANK OF THE

WEST, and in support would show the following facts and matters, to-wit::

**IDENTIFICATION OF PARTIES**

1.      That the Mr. Carter, Mr. Jacob A. Carter, is an adult resident citizen of the

Second Judicial District of Harrison County, Mississippi, residing at 353 Goose Point

Boulevard, Biloxi, Mississippi 39532.

2.      That the Defendants, Thor Industries, Inc. and Thor Motor Coach, Inc.

(collectively "Thor Defendants"), are Delaware corporations with its respective principle

places of business located at 601 East Beardsley Avenue, Elkhart, Indiana 46514, and 701

County Road 15, Elkhart, Indiana 46515.  The Thor Defendants may be served with

process in the form and manner provided by law through their registered agent, C..T.

Corporation System, at its address of 150 West Market Street, Suite 800, Indianapolis, Indiana, 46204.

3.     That the Defendant, Camping World RV Sales, LLC ("Camping World"), is a foreign limited liability company authorized to do business in the State of Mississippi, which may be served with process in the form and manner provided by law through its registered agent, C.T. Corporation System, at its address of 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

4.     That the Defendant, Bank of the West ("Defendant Bank"), is a California corporation authorized to do business in the State of Mississippi, and may be served with process in the form and manner provided by law through its registered agent, C.T. Corporation System, at its address of 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

## JURISDICTION, VENUE, AND JURY TRIAL REQUEST

5.     That this has subject matter jurisdiction over the claims asserted herein against the Defendants and over the parties pursuant to Miss. Code Ann. § 9-7-81 (1972), *as amended*, a cause of action arising from the purchase of a defective motor motorhome which occurred in the Second Judicial District of Harrison County, Mississippi. Venue is proper in this court pursuant to Miss. Code Ann. § 11-11-3(1)(a).

6.     That the Thor Defendants are subject to the *in personam* jurisdiction of this Court because they do sufficient business in the State of Mississippi and at all relevant times hereto engaged in commerce in the State of Mississippi with respect to the activities and claims which are the subject of this litigation.

2

7.      That Camping World is subject to the *in personam* jurisdiction of this Court because it does sufficient business in the State of Mississippi and at all relevant times hereto engaged in commerce in the State of Mississippi with respect to the activities and claims which are the subject of this litigation.

8.      That Defendant Bank is a necessary party to the instant cause, as it possesses a lien on the subject motor home by virtue of a security agreement executed by Mr. Carter herein to Camping World, but which was later sold or assigned unto Defendant Bank.

9.      That Mr. Carter requests a trial by jury.

## GENERAL FACTS

10.     That on or about the 18th day of August, 2018, Mr. Carter purchased what was purported to be a new 2019 Miramar 37.1 (hereinafter "motorhome") from Camping World located at 8010 E. Oaklawn Rd, Biloxi, MS 39532, which was manufactured by the Thor Defendants.  Mr. Carter was required to obtain insurance for financing, and thus, the motorhome was not officially delivered until August 21, 2018.  Upon delivery, the motorhome had approximately 1,025 miles on the odometer.

11.     That in purchasing the motorhome for $182,825.40, Mr. Carter traded in his 2018 Dutchmen, paid $8,200.00 in cash, and financed the remaining balance through Defendant Bank who maintains a security interest in the motorhome.  A copy of the relevant purchase and finance agreements are attached hereto as Exhibit "A".

12.     That Mr. Carter intended for the motorhome to be used only for personal and recreational purposes, and at no time has he abused, neglected, modified, or altered

3

the motorhome. Further, Mr. Carter has always timely notified the Thor Defendants and Camping World of each problem, provided ample opportunity to cure each problem, and timely complied with any requests from the Thor Defendants and/or Camping World.

13.     That the Thor Defendants provided an express warranty for the motorhome, and the Thor Defendants and Camping World provided an implied warranty of merchantability for the motorhome. Mr. Carter relied upon the purported skill, judgment, experience, and knowledge possessed by Thor and its agent, Camping World, with regard to the motorhome, as well as the express and implied warranties and service agreements that were provided with the motorhome.

14.     That almost immediately after delivery, Mr. Carter observed significant, undisclosed defects with the motorhome which was purported to be new when purchased. Among the numerous material defects, the motorhome leaked extensively, had molding in the bedroom, and was otherwise wholly defective, forcing Mr. Carter to notify the Thor Defendants and Camping World of same and return the motorhome only days later.

15.     That on or about August 28, 2018, the motorhome was delivered to Camping World in Biloxi for initial repairs and has remained in service continuously, including several periods in which the motorhome remained at Camping World for several weeks, or even months, at a time. Service records from Camping World evidence attempted repairs as follows:  (a) August 28, 2018 Work Order number 8739 with a purported completed date of March 13, 2019; (b) August 28, 2018 Work Order number 8846 with a purported completed date of September 28, 2019; (c) November 19, 2018 Work

4

Order number 9687 with a purported completed date of March 13, 2019; (d) December

21, 2018 Work Order number 10129 with a purported completed date of December 27,

2018; (e) March 15, 2019 Work Order number 10890 with a purported completed date of

September 21, 2019; and (f) November 11, 2019 Work Order number 13516 in which

repairs have not been performed to date.  As of the filing of the Complaint, the

motorhome remains at Camping World as it has for over the past three (3) consecutive

months.  The various Work Orders referenced in this paragraph are attached hereto as

Exhibit "B".

16.    That each and every time the motorhome was returned to Mr. Carter

following attempted repairs, it was immediately apparent that its issues had not been

resolved.  In fact, the motorhome continues to leak extensively, a problem which has

escalated into a pour rather than a leak and causing irreparable water damage to the

bedrooms, living room, storage compartment, front driver's side area, bathroom, and

washer/dryer areas; significant rusting to all areas in which metal is present; swelling

and protrusion of floors; molding; holes in floors; and rendering the motorhome

inoperable.

17.    That while not an exhaustive list of all issues Mr. Carter has experienced

with the motorhome, the Camping World service records alone indicate numerous

significant, material defects including, but not limited to, the following:

☐    Significant water leaks throughout the motorhome in several places,
       including, but not limited to: the driver's side window, living room,
       kitchen, bathroom, awning, bedroom, storage compartment, slide outs, and
       washer/dryer areas;

5

☐   Water under the entire living room floor, compromising the glue/adhesive under the flooring and causing the floor to swell and protrude;

☐   Substantial molding growing in multiple locations;

☐   Hole in the floor by the washer/dryer area;

☐   Substantial rusting wherever metal is present in the motorhome including, but not limited to: the floor vents, storage compartment, refrigerator, bathroom, and kitchen;

☐   Water marks on floor in several areas including, but not limited to: the living area and bedroom(s);

☐   Lag bolts in the living room and master bedroom backing out of the plywood decking due to moisture;

☐   Multiple areas of the motorhome showing gaps in sealant;

☐   Defective air conditioning unit;

☐   Broken slide windows;

☐   Separation of window frames and glass;

☐   Rear bathroom door frame falling off;

☐   Washer/Dryer malfunction;

☐   Broken kitchen table;

☐   Broken bunk bed frame and access board;

☐   Malfunctioning ice maker;

☐   Stitching on the driver's seat loose/frayed;

☐   Engine hood opening while driving the motorhome;

☐   Internal gasket and washer failures;

☐   Weather stripping on passenger window falling;

☐    Loose rubber seal behind driver's seat;

☐    The radio/back up camera not operational;

☐    Defective foot rest on recliner;

☐    Overspray on chrome grill (front of unit);

☐    Frayed/broken power cords causing exposed wires;

☐    Trim in hallway falling apart;

☐    Defective kick panel on the couch, causing damage to floors;

☐    Defective digital antenna;

☐    Defective TV bracket;

☐    Defective screen door; and

☐    Defective panel work.

18.    That during one of the attempted repairs of the motorhome, an employee of the Thor Defendants assigned to the South Mississippi area was present at Camping World. Mr. Carter was informed directly by the Thor employee that the Thor Defendants were keenly aware of its defective products sold to consumers in 2018, one of whom is Mr. Carter. Mr. Carter informed the Thor employee that he would obviously had never purchased the motorhome had he known about these issues, and demanded a refund or replacement free of any defects. Despite this knowledge of the Thor Defendants, Mr. Carter was never offered a replacement motorhome or a refund for the defective motorhome he purchased.

19.    That Mr. Carter purchased the motorhome due to assurances that it was new, never used, with no defects, and in fit condition for use. After purchase and

delivery, Mr. Carter soon discovered the aforementioned laundry list of defects. This supports the verbal admissions of the Thor representative.

20.    That subsequent to the purchase of the motorhome, Mr. Carter has made no less than six (6) extended attempts to have his motorhome repaired to a satisfactory working condition, all said attempts to no avail.  The leaking, molding, rusting, water marks, rotting, and other issues have progressively worsened.

21.    That the extensive time the motorhome has been kept in shop for repairs has caused Mr. Carter substantial inconvenience and limited his use and enjoyment of the motorhome, in addition to causing him to incur hotel expenses for periods where he expected to be able to make use of his motorhome.  Additionally, despite the motorhome being kept for repairs longer than actually in Mr. Carter's possession, he has timely made all monthly payments to Defendant Bank.

22.    That email correspondence between Mr. Carter and representatives from both the Thor Defendants and Camping World indicate that the Thor Defendants would ignore inquiries about the motorhome for weeks, while at all times Mr. Carter was paying for a "new" motorhome which remained completely defective, unusable, and inhabitable.

## COUNT I - BREACH OF WARRANY

23.    That in support of this specific cause of action, Mr. Carter ratifies, reasserts, and incorporates by reference all facts and matters set forth in the first twenty-two numbered paragraphs (1-22) of this Complaint, as though same were fully copied herein in both numbers and words.

8

24.    That the purchase of the motorhome which is the subject of this dispute was induced by, and Mr. Carter relied upon, the express and implied warranties and representations of Defendants, Defendants' employees and/or agents, and by Defendants' assertions and representations that the motorhome was new, undamaged, trouble-free, economical to operate, of superior quality, fit for use, and that all parts and labor were warranted by the Defendants and/or by the warranty and/or service agreement sold by the Defendants, and that the motorhome was warranted for twelve (12) months from the date of the purchase.

25.    That in purchasing the motorhome, Mr. Carter relied upon Defendants' skill, judgment and superior knowledge with regard to the motorhome, warranties and/or service agreements that were purported to come with the motorhome, and without these express and implied warranties and/or service agreement, and representations made by Defendants and/or their employees and/or agents, Mr. Carter would not have purchased the motorhome. The one (1) year – 15,000 mile manufacturer's warranty was issued to Mr. Carter as part of the sale of the motorhome by Camping World, and thus, warranty privity exists.

26.    That merely days after Mr. Carter purchased the motorhome and while the motorhome was still under express warranty, Mr. Carter discovered numerous material defects in the motorhome, including but not limited to the numerous defects previously described herein. There may be additional defects unknown to Mr. Carter at this time.

27.    That on numerous occasions, Mr. Carter brought these defects to the attention of Defendants in efforts to exercise his rights under the manufacturer's

9

warranty, but Defendants have failed to honor the terms of the warranty. Further, Defendants have still failed to correct said defects, and through said failures have further reduced the value of the motorhome.

28.    That by reason of all of the foregoing defects, defective conditions, and conduct of the Defendants, the motorhome has a value of no more than salvage value.

29.    That by reason of the actions and/or inactions set forth above, Defendants have breached its express warranties and representations. As a result, Mr. Carter has suffered, and will continue to suffer, significant monetary and consequential damages. Said breaches are the proximate cause of the damages suffered by Mr. Carter.

30.    That Mr. Carter therefore demands judgment against Defendants jointly and severally, in the full sum and amount of his damages in whatever amount he is entitled, including but not limited to actual, incidental, and consequential damages, equitable relief, attorney fees, and all costs of court.

## COUNT II - BREACH OF IMPLIED WARRANY OF MERCHANTIBILITY

31.    That in support of this specific cause of action, Mr. Carter ratifies, reasserts, and incorporates by reference all facts and matters set forth in the first thirty numbered paragraphs (1-30) of this Complaint, as though same were fully copied herein in both numbers and words.

32.    That in addition to the express warranty, the Defendants implied that the subject motorhome was of merchantable quality, fit, safe, and in proper condition for ordinary use a recreational camping motorhome by Mr. Carter. In reliance upon the

Defendants' implied warranty of merchantability, Mr. Carter purchased the motorhome from the Defendants.

33. That Mr. Carter relied upon the Defendants' skill, expertise, judgment and superior knowledge in choosing to make said purchase and would not have purchased said motorhome from Defendants in the absence thereof.

34. That the motorhome was and remains unfit, unsafe, and unusable for the purpose for which it was purchased. Accordingly, such condition constitutes a breach of the implied warranty of merchantability by Defendants and is the proximate cause of the damages suffered by Mr. Carter.

35. That by reason of the Defendants' breach of the aforesaid implied warranty of merchantability, Mr. Carter has suffered damages and demands judgment against Defendants jointly and severally in the full sum and amount of his damages in whatever amount he is entitled, including but not limited to actual, incidental, and consequential damages, equitable relief, attorney fees, and all costs of court.

## COUNT THREE - FRAUDULENT MISREPRESENTATION

36. That in support of this specific cause of action, Mr. Carter ratifies, reasserts, and incorporates by reference all facts and matters set forth in the first thirty-five numbered paragraphs (1-35) of this Complaint, as though same were fully copied herein in both numbers and words.

37. That the Defendants, with full knowledge of their falsity and with intent to deceive Mr. Carter, falsely misrepresented material facts to Mr. Carter, who relied upon

these falsely misrepresented material facts in reaching his decision to buy the said motorhome to his detriment. The falsely misrepresented material facts were, to-wit:

    a.    that said motorhome was new and undamaged prior to purchase;

    b.    that said motorhome was not defective and trouble-free;

    c.    that said motorhome was of merchantable quality, fit, safe and in proper condition for ordinary use for the purposes for which it was purchased;

    d.    that said motorhome was economical in operation.

38.    That Defendants falsely and fraudulently misrepresented and warranted the value and condition of the motorhome with full knowledge of the falsity of their representations or reckless disregard for the truth or falsity of their misrepresentations, and with the intent to deceive and defraud Mr. Carter by means of these false and fraudulent misrepresentations, as evidenced by the verbal admissions of the employee of the Thor Defendants. Mr. Carter was ignorant of the falsity of Defendants' representations and relied upon these fraudulent misrepresentations of the Defendants. Mr. Carter was injured, and the false and fraudulent misrepresentations of the Defendants were the proximate cause of Mr. Carter's injuries.

39.    That Mr. Carter demands judgment against Defendants jointly and severally, in the full sum and amount of his damages in whatever amount he is entitled, including but not limited to actual, incidental, and consequential damages, punitive damages pursuant to Miss. Code Ann. § 75-2-721, equitable relief, attorney fees, and all costs of court.

## COUNT FOUR - VIOLATION OF 15 U.S.C. §2301 ET SEQ.

40.     That in support of this specific cause of action, Mr. Carter ratifies, reasserts, and incorporates by reference all facts and matters set forth in the first thirty-nine numbered paragraphs (1-39) of this Complaint, as though same were fully copied herein in both numbers and words.

41.     That this Court has jurisdiction to decide claims brought pursuant to 15 U.S.C. § 2301 et seq., by virtue of 15 U.S.C. § 2310(d)(1)(A).

42.     That Mr. Carter is a "consumer" as defined by 15 U.S.C. § 2301(3); Camping World and the Thor Defendants are a "warrantor" and a "supplier" as defined by 15 U.S.C. § 2301(4)(5), respectively; and the motorhome is a "consumer product" as defined by 15 U.S.C. § 2301(6).

43.     That Defendants have failed to meet the minimum warranty standards pursuant to 15 U.S.C. § 2301 et seq., to-wit:

    a.      Defendants have failed to remedy defects, malfunctions and/or failed to conform with such warranty on the subject motorhome within a reasonable time;

    b.      Defendants, after a reasonable number of attempts to remedy defects and/or malfunctions, have refused to refund Mr. Carter the full amount incurred in debt as a result of the purchase of the motorhome and/or have refused to replace the motorhome without charge to Mr. Carter.

13

44.     That 15 U.S.C. § 2304(a)(4) provides that "if the product (or a component part thereof) contains a defect or malfunction after a reasonable number of attempts by the warrantor to remedy defects or malfunctions in such product, such warrantor must permit the consumer to elect either a refund for, or replacement without charge of, such product or part (as the case may be)."  For the numerous reasons described herein, Defendants have failed to do so.

45.     That Mr. Carter was injured as a result of the Defendants' violation of 15 U.S.C.A. § 2301 et seq., and said violations were the proximate cause of Mr. Carter's injuries and damages.  Mr. Carter therefore demands judgment against Defendants jointly and severally, in the full sum and amount of his damages in whatever amount he is entitled, including but not limited to actual, incidental, and consequential damages, equitable relief, attorney fees, and all costs of court.

## COUNT FIVE - VIOLATION OF MISS. CODE ANN. § 63-17-151, ET SEQ.

46.     That in support of this specific cause of action, Mr. Carter ratifies, reasserts, and incorporates by reference all facts and matters set forth in the first forty-five numbered paragraphs (1-45) of this Complaint, as though same were fully copied herein in both numbers and words.

47.     That the subject motorhome does not conform to the express warranties. Further, the service records conclusively show that Mr. Carter reported these defects to Thor and Camping World during the term of warranty.  Accordingly, the Thor Defendants and/or its agent is required by law to "make such repairs as are necessary to

14

conform the vehicle to such express warranties, notwithstanding the fact that such repairs

are made after the expiration of such term."  Miss. Code Ann. § 63-17-155.

48.    That further, Miss. Code Ann. § 63-17-159(1) states in part,

> If the manufacturer or its agent cannot conform the motor vehicle to
> any applicable express warranty by repairing or correcting any
> default or condition which impairs the use, market value, or safety
> of the motor vehicle to the consumer after a reasonable number of
> attempts, the manufacturer shall give the consumer the option of
> having the manufacturer either replace the motor vehicle with a
> comparable motor vehicle acceptable to the consumer, or take title of
> the vehicle from the consumer and refund to the consumer the full
> purchase price, including all reasonably incurred collateral charges,
> less a reasonable allowance for the consumer's use of the vehicle.

49.    That pursuant to Miss. Code Ann. § 63-17-159(3), the Thor Defendants and

Camping World are presumed to have undertaken a reasonable number of attempts to

conform the motorhome to the express warranties, as (a) substantially the same

nonconformity to the motorhome has been subject to repair three (3) or more times and

such nonconformity continues to exist; and (b) the motorhome is and has been out of

service by reason of repair of the defects for a cumulative total of fifteen (15) or more

working days, exclusive of downtime for routine maintenance as prescribed by the

owner's manual, since the delivery of the motorhome to Mr. Carter.

50.    That accordingly, Mr. Carter was injured as a result of the Defendants'

violation of the Mississippi Motor Vehicle Warranty Enforcement Act, codified at Miss.

Code Ann. § 63-17-151 et seq., as follows:

a.   Defendants have failed to remedy defects, malfunctions, and/or failed to conform with such express written limited warranty on the aforesaid motorhome of Mr. Carter within a reasonable time;

b.   Defendants, after a reasonable number of attempts to remedy defects and/or malfunctions, have refused to refund Mr. Carter the full amount incurred in debt as a result of the purchase of the automobile and/or have refused to replace the motorhome without charge to Mr. Carter.

51.   That Mr. Carter was injured as a result of the Defendants' violation of the Mississippi Motor Vehicle Warranty Enforcement Act, and said violation is the proximate cause of the damages suffered by Mr. Carter. Mr. Carter demands judgment against the Defendants jointly and severally, in the full sum and amount of his damages in whatever amount he is entitled, including but not limited to actual, incidental, and consequential damages, equitable relief, attorney fees, and all costs of court.

## COUNT SIX - NEGLIGENT REPAIR

52.   That in support of this specific cause of action, Mr. Carter ratifies, reasserts, and incorporates by reference all facts and matters set forth in the first fifty-one numbered paragraphs (1-51) of this Complaint, as though same were fully copied herein in both numbers and words.

53.   That the motorhome has numerous material defects undisclosed to Mr. Carter prior to purchase which the Defendants have failed to adequately repair despite

16

multiple attempts, including but not limited to those defects particularly aforementioned herein.

54.     That Defendants had a duty to make timely and sufficient repairs to said motorhome. Defendants have failed to do so, constituting a breach of that duty. The negligent repairs of said motorhome has injured Mr. Carter, and the Defendants' negligence is a proximate cause of the injuries and damages to Mr. Carter.

55.     That as a result of Defendants' negligence, Mr. Carter demands judgment against the Defendants, jointly and severally, in the full sum and amount of his damages in whatever amount he is entitled, including but not limited to actual, incidental, and consequential damages, equitable relief, attorney fees, and all costs of court.

### COUNT SEVEN - BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

56.     That in support of this specific cause of action, Mr. Carter ratifies, reasserts, and incorporates by reference all facts and matters set forth in the first fifty-five numbered paragraphs (1-55) of this Complaint, as though same were fully copied herein in both numbers and words.

57.     That the duty of good faith and fair dealing attends all contracts interpreted under Mississippi law. Good faith means "the faithfulness of an agreed purpose between two parties, a purpose which is consistent with justified expectations of the other party." *Cenac v. Murry*, 609 So.2d 1257, 1272 (Miss. 1992).

58.     That Defendants' express and implied warranties, material representations, and assertions instilled a justified expectation in Mr. Carter that the motorhome in

17

question was new, undamaged, of merchantable quality, fit, safe, and in proper condition for ordinary use for the purposes for which it was purchased.

59.    That Defendants' failure to disclose prior damage to the motorhome, failure to disclose serious material defects in the motorhome, failure to repair said defects despite numerous attempts, and refusal to either adequately repair, refund the purchase price, or replace said motorhome with another of similar make and value, constitutes bad faith and a breach of the duty of good faith and fair dealing, for which Mr. Carter is entitled to damages.

60.    That as a result of Defendants' breach of the duty of good faith and fair dealing, Mr. Carter demands judgment against the Defendants, jointly and severally, in the full sum and amount of his damages in whatever amount he is entitled, including but not limited to actual, incidental, and consequential damages, equitable relief, attorney fees, and all costs of court.

## COUNT EIGHT - REVOCATION

61.    That in support of this specific cause of action, Mr. Carter ratifies, reasserts, and incorporates by reference all facts and matters set forth in the first sixty numbered paragraphs (1-60) of this Complaint, as though same were fully copied herein in both numbers and words.

62.    That after taking possession of the subject motorhome, Mr. Carter discovered defects as previously outlined extensively herein which substantially impaired the value of the motorhome to Mr. Carter.

63.     That after numerous attempts by Defendants to properly repair the motorhome, in which Mr. Carter reasonably assumed the numerous nonconformities would be cured, the defects remain and Mr. Carter now believes that the said nonconformities cannot be cured, seasonably or otherwise, and further, Mr. Carter has lost all confidence that the motorhome can be operated safely.

64.     That due to the motorhome's extensive repair history, continuing defects, and misrepresentations by the Defendants, Mr. Carter has previously sought to revoke acceptance pursuant to Miss. Code Ann. § 75-2-608.  The motorhome is presently located at Camping World in Biloxi.

65.     That accordingly, Mr. Carter requests that Defendants allow him to surrender the motorhome in exchange for the purchase price and any costs or expenses associated with the sale, repairs, and return of the motorhome as allowed by law, including payment of reasonable costs and expenses.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, JACOB A. CARTER, requests a trial by jury and prays for judgment of and from the Defendants as follows:

(a)     A full refund of the purchase price of the motorhome in the amount of no less than $182,825.40;

(b)     A full refund of all installment payments made by Mr. Carter subsequent to the purchase of the motorhome;

(c)     Compensatory damages in the amount according to proof at trial as a result of Defendants' actions and inactions complained of herein, including all incidental and consequential damages;

19

(d)     Punitive Damages;

(e)     For Defendants to accept return of the subject motorhome;

(f)     Reimbursement of the diminution in value to the motorhome;

(g)     Pre-judgment and post-judgment interest;

(h)     Attorney's fees and all costs of court; and

(i)     For such other kind and character of damages and relief as may be shown

        from the evidence at trial.

RESPECTFULLY SUBMITTED on this the 19th day of February, 2020.

                        **JACOB A. CARTER,** *Plaintiff*

              BY:    SMITH & HOLDER, PLLC

                        _____

                        G. MORGAN HOLDER, MSB# 104131

G. MORGAN HOLDER, MSB# 104131
**SMITH & HOLDER, PLLC**
POST OFFICE BOX 1149
GULFPORT, MS 39502
TEL:   (228) 206-7076
FAX:   (228) 284-1870
Email: morgan@smithholder.com

*Attorney for Plaintiff, Jacob A. Carter*

681245     1467363     2556480

# CAMPING WORLD RV SALES

12020 SHRINERS BLVD     BILOXI, MS 39532

The front and reverse sides of this document constitute a binding purchase contract, not a warranty, between Buyer(s) and Dealer only. Buyer(s) understand and acknowledge that Dealer is a separate and distinct entry from, and not the principal or agent or any manufacturer(s) of the Unit (as defined below). Buyer(s) further understand that any references herein to manufacturer(s) are for the purpose of generally explaining and distinguishing the manufacturer(s) from Dealer. Buyer(s) understand that no manufacturer(s) can make any representation, agreement, inducement, or warranty, which is binding upon or enforceable against Dealer. Further, this Agreement is not binding upon Dealer unless and until signed by Dealer, and such signed Agreement will constitute the entire, final and binding contract between Buyer(s) and Dealer. As used herein, the use of the word "Agreement" refers to the front and back of this Purchase Agreement. The word "Buyer(s)" refers to the Buyer(s) signing this Agreement (whether singular or plural), while the "Dealer" refers to the Dealer solely signing this Agreement, and the term "Unit" refers to the product described below which Buyer(s) is/are purchasing. Buyer(s) acknowledge this Agreement is fully complete and that Dealer provided ample opportunity for Buyer(s) to read this Agreement prior to affixing signatures herein, and that Buyer(s) signed this Agreement under no duress from Dealer, and free from any influence of medication, alcohol, or any other factors that might affect the judgment or capacity of Buyer(s).

| BUYER | JACOB A CARTER | | | |
|---|---|---|---|---|
| ADDRESS | | | COUNTY | HARRISON |
| SALESPERSON LARRY WILLIAMSON | | RES. PHONE | CELL PHONE | DATE 08/18/2018 |
| YEAR 2019 | MAKE MIRAMAR | MODEL 37 1 | STOCK NUMBER 1467363 | |
| ☒ NEW ☐ USED | | SERIAL NUMBER 1F66F5DYXJ0A12358 | MILES 1025 | DELIVERY DATE 08/18/2018 |

INSURANCE AGAINST LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE TO OTHERS IS NOT INCLUDED IN THIS TRANSACTION.

| OPTIONAL EQUIPMENT, LABOR AND ACCESSORIES | | | SETTLEMENT | |
|---|---|---|---|---|
| | | | BASE PRICE OF VEHICLE (INCL. FACT. OPTIONAL EQUIP.) | $ |
| NEW PDI, DETAIL, WALK | $ | 0 00 | BASE PRICE OF VEHICLE (INCL. FACT. OPTIONAL EQUIP.) | 164888 00 |
| PENDING INSPECTION OF THE TRADE | | 0 00 | Trade-In Allowance and/or Discount | 42000 00 |
| NOTHING ELSE PROMISED OR IMPLIED | | 0 00 | Net Sales Price after Trade | 122888 00 |
| INITIAL DEPOSIT NON REFUNDABLE | | 0 00 | Sales Tax | 6144 40 |
| X | | 0 00 | Public Officials & Fees | 10 00 |
| | | | Document/Service Fee | 299 00 |
| | | | Vehicle Service Contract | 3995 00 |
| Lienholder: Bank Of The West, A California Banking Corp | | | GAP | 1000 00 |
| BALANCE CARRIED TO OPTIONAL EQUIPMENT | $ | 0 00 | Paint Protection | 3995 00 |
| TOW VEHICLE SPECS. | | | Tire & Wheel Protection | 895 00 |
| TYPE | GVWR | AXLE WT. SPEC 1 Ton | BRGHT BED Y or N | Roadside Assistance | 600 00 |
| STRL HT Y or N | | STD TIRES Y or N | STEP SIDE Y or N | Emergency Alert | 399 00 |
| STD. REAR BUMPER or CROPPED | | | BED LINER Y or N | Travel Assistance | 600 00 |
| TRADE-IN INFORMATION | | | N/A | 0 00 |
| YEAR 2018 | MAKE DUTCHMEN | MODEL 2835BH | SERIAL NO. 4YDT28327JM936644 | N/A | 0 00 |
| LIC NO. | STATE AND TAG | | MILEAGE | ALLOWANCE | N/A | 0 00 |
| YEAR | MAKE | | MODEL | SERIAL NO. | N/A | 0 00 |
| LIC NO. | STATE AND TAG | | | ALLOWANCE | | 140825 40 |
| TRADE-IN DEBT TO BE PAID BY BUYER(S) UNLESS OTHERWISE STATED HEREIN. | | | Balance Owed on Trade In | 32000 00 |
| | | | Cash Down | 8200 00 |
| | | | AMOUNT RECEIVED | 164625 40 |

It is mutually understood that this agreement is subject to necessary corrections and adjustments concerning changes in net payoff on trade-in to be made at the time of settlement. BUYER and DEALER CERTIFY THAT THE ADDITIONAL TERMS AND CONDITIONS PRINTED ON THE BACK OF THIS AGREEMENT, INCLUDING AN "AS-IS" CLAUSE, DISCLAIMERS OF ALL WARRANTIES AND LIMITATION AND DISCLAIMER OF DAMAGES CLAUSES, ARE AGREED TO AS PART OF THIS AGREEMENT, THE SAME AS IF PRINTED ABOVE THE SIGNATURE.

ALL VEHICLES ARE SOLD "AS-IS", WITH NO EXPRESS OR IMPLIED WARRANTIES FROM DEALER.
THIRD PARTY EXTENDED SERVICE CONTRACT MAY BE AVAILABLE AT ADDITIONAL COST TO ME.

Dealer makes no guarantee or warranty, express or implied. This vehicle is sold by Dealer "AS-IS" with no Dealer guarantee or warranty, implied or express. Dealer does not affirm or adopt any manufacturer warranty(s) available to this Unit or any of its components. DEALER HEREBY DISCLAIMS AND EXCLUDES FROM THIS SALE ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING THE IMPLIED WARRANTY OF MERCHANTABILITY AND THE IMPLIED WARRANTY OF FITNESS. BUYER(S) ACKNOWLEDGE THIS DISCLAIMER IS MADE IN CAPITALIZED, BOLD AND UNDERLINED FONT AND IS "CONSPICUOUS." Buyer(s) understand Dealer does not warrant the year of this Unit, the year of the chassis, or the year of any of its component parts, and that the manufacturer(s) of the Unit, chassis, or component is solely responsible for the year assigned to this Unit to the extent its year is referenced in this Agreement. If Buyer(s) is/are purchasing a "new" Unit as indicated above, Buyer(s) acknowledge that "new" means only that the Unit has not been previously titled although the Unit may have been used in a demo or a show; new does not create any warranty or expectation of value or performance. Buyer(s) understand and agree that if either of Buyer(s) or Dealer should breach this contract or if Buyer(s) institute any claim arising out of contract or the purchase of the Unit, the statute of limitation for any such claim is limited to one (1) year from the date of sale.

Entire Agreement; No Reliance The written terms on the front and reverse side of this Agreement comprise the entire Agreement between Buyer(s) and Dealer, and Buyer(s) have read and understand the front and reverse side of this Agreement. No verbal, unwritten, electronic or other communication of any nature was made or relied upon by Buyer(s), became part of the basis of Buyer(s) bargain, or is enforceable by Buyer(s) against Dealer even if alleged or determined to constitute fraud, fraudulent inducement, or fraudulent misrepresentation and no such verbal, unwritten, electronic, or other communication shall invalidate this Agreement or any written provision herein, or serve as grounds for Buyer(s)' rejection, rescission, or revocation of acceptance of this Agreement or this Unit, such that Buyer(s) cannot seek or obtain any statutory, legal, equitable or other relief against Dealer as a result thereof. Buyer(s) acknowledge and agree that all discussions, negotiations, advertisements, representations, and affirmations of fact in any format, whether verbal, written, electronic or other, which are not written in this Agreement, were not relied upon by Buyer(s), are not included in this Agreement, and are not enforceable against Dealer.

CAMPING WORLD RV SALES - BILOXI     DEALER

By: _____

SIGNED X _____ BUYER

SIGNED X _____ BUYER

See Important Additional Terms and Conditions on reverse side.



ADDITIONAL TERMS AND CONDITIONS

2556480

Each buyer further agrees that he/she has read the following additional terms and conditions prior to signing this Agreement (continued from other side of this Agreement).

1. IF NOT A CASH TRANSACTION. If the purchase of this Unit is to be financed, this Agreement is subject to credit approval and assignment of a retail installment sales contract to a financial institution prior to or at the time of delivery, and the Annual Percentage Rate (APR) may be negotiated with Dealer and Dealer may receive compensation for arranging financing on customer's behalf. If financing is arranged, Buyer(s) understand he/she/they will enter into a retail installment contract and sign a security agreement or other agreement as may be required to finance Buyer(s)' purchase. If Unit is delivered prior to finance approval, Buyer(s) understand that if third party financing approval or assignment of a retail installment contract is not obtained, Buyer(s) and/or Dealer may cancel the Agreement and Buyer(s) must immediately return the Unit to the Dealer. The spot/conditional delivery agreement and retail installment contract incorporated herein and Buyer(s) assume full responsibility for all wear, tear, and/or damage during this period and will return the Unit to Dealer in the same condition as delivered within twenty-four (24) hours of notice from Dealer.

2. TITLE; ODOMETER STATEMENT. Title to the Unit purchased will remain with Dealer until the agreed upon purchase price is paid in full in cash or Buyer(s) have signed a retail installment contract and it has been accepted by a bank or finance company, at which time title shall pass to Buyer(s) even though the actual delivery of the vehicle purchased may be made at a later date. If the Unit is motorized, Buyer(s) agree that no statement has been made as to the number of miles on any new, used, or demo vehicles, except as set forth in the odometer mileage statement as provided by the Federal Odometer Law and on the face of this Agreement as required under state law which does not constitute a warranty, express or implied, or a contractual term of this Agreement. Buyer(s) acknowledge receipt of such Federal Odometer Statement.

3. TRADE-IN. If Buyer is trading in a used car, manufactured home, trailer, or other vehicle, Buyer(s) will give Dealer the original bill of sale or the title to the trade-in. Buyer(s) promise that any trade-in which Buyer(s) give in this purchase transaction is owned by Buyer(s) and is free of any lien or other claim except as noted on the other side of this Agreement. Buyer(s) promise that all taxes of every kind levied against the trade-in have been fully paid. If any government agency makes a levy or claims a tax lien or demand against the trade-in, Dealer may, at Dealer's option, either pay it and Buyer(s) will reimburse Dealer on demand, or Dealer may add that amount to this Agreement as if it had been originally included. Any trade-in delivered by Buyer(s) to Dealer in connection with this Agreement shall be accompanied by documents sufficient to enable the Dealer to obtain a title to the trade-in in accordance with applicable state law. Buyer(s) warrant that the trade-in is or will be properly titled to Buyer(s) and/or Buyer(s) have the right to sell or otherwise convey the trade-in and the trade-in has never been a salvaged, reconditioned or rebuilt, flooded or a lemon buyback, and the trade-in is free and clear of all liens or encumbrances except as may be noted on the front of this Agreement.

4. REGISTRATION OR LICENSE OF TRADE-IN. If Buyer(s)' trade-in is registered or licensed in a state other than where Dealer is located, Buyer(s) will, within a reasonable time, have the trade-in registered or licensed in the state where Dealer is located unless otherwise directed by Dealer. Buyer(s) will pay any and all required expenses, registration, or license fees. If Dealer licenses or registers the trade-in, Buyer(s) will reimburse Dealer on demand for any and all associated fees and costs or Buyer(s) may elect to add that amount to the Agreement as if it had been originally included.

5. REAPPRAISAL OF TRADE-IN. If Buyer(s)' initial trade-in value is determined by anything other than a physical appraisal by Dealer, Dealer may later reappraise and amend the value of the trade-in allowance at such time Dealer has the opportunity to perform a physical appraisal of the trade-in. This physical appraisal will then determine the actual trade-in allowance provided on the front side of this Agreement.

6. FAILURE TO COMPLETE PURCHASE. Buyer(s) agree to pay the balance owed on the terms and accept delivery of the Unit within forty-eight (48) hours after being notified that the Unit is ready for delivery. Failure to timely accept delivery by Buyer(s) shall give Dealer the right to dispose of any trade-in, trading any cash consideration received as a deposit and retaining the same, and at Dealer's option, the right to retain any deposit and pursue any other remedy available under the law to adequately compensate Dealer's incidental and consequential damages and all other damages, costs, expenses, or losses incurred by Dealer because Buyer(s) failed to complete this purchase. If Dealer paid any negative equity balance on the trade-in Buyer(s) shall pay to Dealer the amount paid on Buyer(s)' behalf. If Dealer brings an action or involves an attorney to enforce the terms of this section, Buyer(s) agree to pay Dealer's reasonable attorneys' fees, court costs, and other expenses incurred in pursuing such action.

7. DEALER NOT AGENT OF MANUFACTURER. Dealer is in no respect the agent of the manufacturer. Dealer is not responsible for charges by the manufacturer in the price, available rebate, design or accessories of specially ordered vehicles. If Dealer's price increases on a specially ordered vehicle, or if a rebate to be received by Dealer is reduced or eliminated, the Buyer(s)' price will be increased by a like amount. If Buyer(s) are dissatisfied with the increase, Buyer(s) may cancel this order and Buyer(s)' deposit and trade-in or the actual cash value of the trade-in, if sold, minus any loan, will be refunded. Buyer(s) understand that the Unit and any component part manufacturer may, from time to time, change the model, design, or other elements, including the parts and accessories, in the Unit and at any time a manufacturer makes such changes, neither Dealer nor manufacturer are obligated to make the same changes to Buyer(s)' Unit, even if such changes are made prior to delivery of the Unit.

8. DELAYS. Buyer(s) will not hold Dealer liable for any delay caused by the Unit or any component part manufacturer, accidents, strikes, fires, Acts of God, or any other cause beyond Dealer's control.

9. BUYER('S) INSPECTION AND ACCEPTANCE OF UNIT. Buyer(s) understand that damage may have occurred to the Unit at the manufacturer(s)' factory, during transport to Dealer, or while in Dealer's possession, on Dealer's premises, or at a show or promotional event. Buyer(s) acknowledge that such damage to the Unit, if any occurred, is typically corrected by the factory or repaired by the Dealer prior to delivery. Upon taking delivery of the Unit, Buyer(s) acknowledge: (i) having received ample opportunity for, and usually inspecting the Unit as fully as Buyer(s) desire and (ii) utilizing and relying solely upon Buyer(s)' own judgment to inspect and determine that the Unit is of adequate quality, merchantable, and otherwise fit for the purposes intended by Buyer(s) such that Buyer(s) accept the Unit in its condition as of the date Buyer(s) sign the front page of this Agreement. Buyer(s) further acknowledge that Buyer(s) did not make Dealer aware, and that Dealer was unaware, implicitly or expressly, of any particular purpose intended by Buyer(s) for the Unit. Consequently, Buyer(s) have not relied upon Dealer's skill or judgment in the selection or delivery of the Unit. Buyer(s) acknowledge that Dealer has not made any representation regarding the Unit's condition, history, status, prior usage, quality of or regularity of care or servicing, nor the existence of prior damage and/or repair of damage except as required by law.

10. DISCLAIMER OF WARRANTIES AND LIMITATION/EXCLUSION OF REMEDIES. DEALER MAKES NO GUARANTEE OR WARRANTY, EXPRESS OR IMPLIED, AND HEREBY DISCLAIMS AND EXCLUDES THE IMPLIED WARRANTY OF MERCHANTABILITY AND THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE FROM THIS SALE TRANSACTION, AND SUCH WARRANTIES SHALL NOT APPLY TO THIS TRANSACTION OR THE UNIT. BUYER(S) UNDERSTAND AND AGREE THAT DEALER MAKES NO WARRANTY ON THIS UNIT AND THAT ANY PRE-DELIVERY INSPECTION OR SERVICE PERFORMED DOES NOT CONSTITUTE OR CREATE ANY DEALER WARRANTY OF ANY TYPE, EXPRESS OR IMPLIED. BUYER(S) UNDERSTAND AND AGREE THAT ALL TERMS OF THIS AGREEMENT ARE BINDING AND SHALL APPLY IN ALL INSTANCES, EVEN IF BUYER(S) ELECT TO PURCHASE AN EXTENDED SERVICE CONTRACT. BUYER(S) UNDERSTAND AND AGREE THAT THE EXPRESS TERMS OF ANY MANUFACTURERS WRITTEN WARRANTY, TO THE EXTENT ANY EXIST AND APPLY TO THE UNIT, CONTAIN AND CONSTITUTE BUYER(S)' EXCLUSIVE AND SOLE REMEDY FOR ANY PROBLEMS OR DEFECTS THE UNIT MIGHT CONTAIN. BUYER(S) UNDERSTAND AND AGREE THAT ANY OTHER POTENTIALLY AVAILABLE REMEDY, UNDER THE UNIFORM COMMERCIAL CODE OR OTHERWISE, INCLUDING BUT NOT LIMITED TO REJECTION, RESCISSION, OR REVOCATION OF ACCEPTANCE, ARE HEREBY DISCLAIMED BY AND UNAVAILABLE AGAINST DEALER. BUYER(S) UNDERSTAND AND AGREE THAT THE TERMS OF THIS AGREEMENT, INCLUDING ALL DISCLAIMERS OF WARRANTIES AND DAMAGES, ARE "CONSPICUOUS" AND SHALL APPLY UNDER ALL CIRCUMSTANCES, EVEN IF BUYER(S)' AVAILABLE REMEDIES FAIL OF THEIR ESSENTIAL PURPOSE.

11. EXCLUSION OF INCIDENTAL AND CONSEQUENTIAL DAMAGES. Incidental and consequential damages arising out of the sale, use, servicing and/or quality of this Unit, including, but not limited to, any loss of use, loss of time, inconvenience, aggravation, loss of wages/earnings/income, fuel/transportation expenses, hotel/motel costs, insurance, storage, rental or replacement, altered or cancelled trips/vacations, the cost of any food/meals and any other incidental and consequential damages are specifically excluded and Dealer specifically disclaims liability for any such incidental and/or consequential damages. Buyer(s) acknowledge he/she/they shall not seek or recover such incidental or consequential damages from Dealer. Buyer(s) acknowledge this disclaimer of incidental and consequential damages is independent of and shall survive any failure of the essential purpose of any warranty or remedy.

12. NON-DEALER WARRANTY(S) (IF APPLICABLE). Buyer(s) understand and agree that manufacturer(s) written warranty(s), if any are applicable to this Unit, were fully and conspicuously disclosed in writing by Dealer, by Dealer disclosing and providing any such written instruments to Buyer(s) prior to Buyer(s) signing the front side of this Agreement and Buyer(s) acknowledge having physically received such written instruments. Buyer(s) acknowledge that Dealer is not an agent of the manufacturer and that Dealer has not represented or misrepresented the terms of any applicable manufacturer(s) written warranty(s) because either (i) Buyer(s) have read to his/her/their satisfaction the actual terms of any such written instruments, which expressly state the coverage, application period, conditions, and exclusions or (ii) Buyer(s) have voluntarily chosen not to read such warranty(s).

13. TAXES, INSURANCE. Buyer(s) shall be liable for all sales, use, or other taxes of a similar nature applicable to the transaction unless such payment is otherwise prohibited by law. Buyer(s) assume responsibility to cover the Unit described on the front of this Agreement with necessary and proper insurance coverage and assumes all legal liability arising from the operation of the Unit from the time of delivery. Buyer(s) understand that Buyer(s) are not covered by insurance on the Unit until Buyer(s)' insurance company accepts coverage on the Unit. Buyer(s) agree to hold Dealer harmless from any and all claims due to loss or damage prior to Buyer(s)' insurance company accepting coverage on the Unit.

14. CHOICE OF LAW AND VENUE, FEES. Any controversy, dispute or claim arising out of or relating to this Agreement or breach thereof shall be interpreted under the laws of the state in which Dealer is located and venue will be in the state and county in which Dealer is located or the applicable federal court. If Dealer brings a legal action to enforce or interpret this Agreement and prevails, Buyer(s) shall pay Dealers reasonable attorneys' fees and costs incurred in such action. If Buyer(s) bring an action based on this Agreement and does not prevail, Buyer(s) shall pay Dealer's reasonable attorneys' fees and costs incurred in the defense of such action or any part thereof.

15. WAIVER OF JURY TRIAL; CLASS ACTIONS. Buyer(s) agree that any controversy, dispute or claim arising out of or relating to this Agreement or breach thereof will be decided by a judge, rather than a jury. Buyer(s) further agree in connection with this purchase to waive Buyer(s)' right to participate as a class member in any class action lawsuit that might be brought against Dealer.

16. SEVERABILITY. Buyer(s) and Dealer agree that each portion of this Agreement is such that if any term, provision or paragraph is found to be invalid, voidable, or unenforceable for any reason, such provision or paragraph may be severed and all other portions of this Agreement shall remain valid and enforceable.

# Good Sam Extended Service Plan

**Motor Home Service Agreement Declaration Page**

## AGREEMENT HOLDER INFORMATION

| FIRST NAME | LAST NAME | MI | TELEPHONE NUMBER |
|---|---|---|---|
| JACOB | CARTER | | |

| ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | BILOXI | MS | 39532 |

## UNIT DESCRIPTION

☑ MOTOR HOME    ☐ COACH ONLY    ☐ POST SALE

| YEAR | MAKE | MODEL | ODOMETER READING | ORIGINAL OWNER |
|---|---|---|---|---|
| 2019 | THOR MOTOR COACH Miramar 37.1 | | 1025 | ☑ Yes   ☐ No |

| CHASSIS VIN | CHASSIS WARRANTY TERM | UNIT IN-SERVICE DATE | AGREEMENT PURCHASE DATE |
|---|---|---|---|
| 1F66F5DYXJ0A12358 | 60/60000 | 8/18/2018 | 8/18/2018 |

| COACH/UNIT VIN | MANUFACTURER'S WARRANTY TERM | UNIT PURCHASE PRICE | SINGLE PAYMENT AGREEMENT PURCHASE PRICE |
|---|---|---|---|
| 1F66F5DYXJ0A12358 | 12/15000 | $164,888.00 | $3,995.00 |

## PLAN/TYPE OF COVERAGE INFORMATION

☑ Chassis & Coach
☐ Coach Only
☐ Powertrain Wrap (New Only)

☑ New Unit Plan    ☐ Pre-Owned Unit Plan

| TERM (MONTHS/MILEAGE IF APPLICABLE) | RATE CLASS | BASE CODE | PAYMENT PLAN |
|---|---|---|---|
| 60 / 60000 | E | 1628 | ☐ Yes   ☑ No |

☑ $100 DEDUCTIBLE    ☐ OTHER _____ DEDUCTIBLE

In the event the Dealer that sold You this AGREEMENT or any other Camping World Service Center performs the covered repairs. The DEDUCTIBLE will be reduced by fifty dollars ($50).

## SURCHARGES AND OPTIONAL COVERAGE

| REQUIRED SURCHARGES | OPTIONAL COVERAGE (Surcharges Apply) |
|---|---|
| ☐ Extended Eligibility (New Motor Home)<br>☐ UNIT Age (PRE-OWNED UNITS) | ☐ Commercial Use (New UNIT Only)<br>☐ Navigational Package<br>☐ Consequential Loss Coverage |

## DEALER/LIENHOLDER INFORMATION

| DEALER NAME | DEALER NUMBER |
|---|---|
| CAMPING WORLD RV SALES - BILOXI | 8138 |

| ADDRESS | CITY | STATE | ZIP CODE | DEALER TELEPHONE NUMBER |
|---|---|---|---|---|
| 8010 E OAKLAWN ROAD, | BILOXI | MS | 39532782 | |

| LIENHOLDER NAME |
|---|
| BANK OF THE WEST, A CA BANKING CORPORATION |

| ADDRESS | CITY | STATE | ZIP CODE | LIENHOLDER TELEPHONE NUMBER |
|---|---|---|---|---|
| PO BOX 2497, | OMAHA | NE | 68103 | |

## OTHER PROVISIONS

The ADMINISTRATOR of this SERVICE AGREEMENT is United Service Protection Corp., Post Office Box 20899, St. Petersburg, FL 33742. The telephone number is 1-866-789-8097. The OBLIGOR under this SERVICE AGREEMENT, which is referred to as "WE", "Us" and "OUR" throughout the SERVICE AGREEMENT, is United Service Protection Corp., the address and telephone number for which are provided above. The ADMINISTRATOR and OBLIGOR may be different depending upon the State in which YOU reside. Read the SPECIAL STATE DISCLOSURE to determine if this applies to YOU

Your SERVICE AGREEMENT contains an arbitration clause which may affect YOUR legal rights, unless YOU live in a state that prohibits such provisions, Please review the arbitration in its entirety as well as the SPECIAL STATE DISCLOSURE document for YOUR specific state (if YOUR state is included) Id determine whether YOUR legal rights are affected.

Purchase of this SERVICE AGREEMENT is not required in order to purchase or obtain financing for a UNIT. This SERVICE AGREEMENT is not valid unless this DECLARATION PAGE is completed correctly. This DECLARATION PAGE shall be the basis upon which the SERVICE AGREEMENT is issued. YOUR signature indicates that YOU have read the information set forth herein and agreed that it is true and correct and that YOU accept the terms and provisions of this SERVICE AGREEMENT and agree to be bound by the terms thereof.

To review the General Privacy Policy of United Service Protection Corp., an Assurant Solutions company, please visit http://www.assurantsolutions.com/priv-privacy-notice-14.html.

## SIGNATURES FOR SERVICE AGREEMENT

| AGREEMENT HOLDER'S SIGNATURE | DATE | DEALER AUTHORIZED SIGNATURE | DATE |
|---|---|---|---|
| X | | X | |



**ADDENDUM NUMBER:**

**ADMINISTRATOR:**
Two Concourse Parkway, Suite 500
Atlanta, GA 30328
800-742-7896

# MOTOR HOME & TRAILER
# GOOD SAM GAP DEFICIENCY WAIVER ADDENDUM

**THIS FORM MUST BE TYPED OR LEGIBLY PRINTED**

| DEALER INFORMATION | | | CUSTOMER INFORMATION | | Page 1 of 4 |
|---|---|---|---|---|---|

| Dealer | | | Customer | | |
|---|---|---|---|---|---|
| OFR20026   CAMPING WORLD RV SALES - BILOX | | | CARTER | | JACOB |

| Mailing Address | | | Address | | |
|---|---|---|---|---|---|
| 12020 SHRINERS BLVD | | | | | |

| City | State | ZIP | City | State | ZIP |
|---|---|---|---|---|---|
| BILOXI | MS | 39532 | BILOXI | MS | 39532 |

| Phone | Fax | Primary Phone Number | Secondary Phone Number |
|---|---|---|---|
| 30 | 7 | 1?4 | |

| Effective Date of GAP Deficiency Waiver Addendum and Effective Date of Finance Agreement (must be the same date): August 18, 2018 | Interest Rate/Lease Factor 5.25 | Monthly Payment | Term of Finance Agreement in Months (Maximum Term 240 Months) 240 |
|---|---|---|---|

| Assignee/Lender:   BANK OF THE WEST, A CA BANKING | Truncated GAP Coverage Term | ☑ 72 Months | ☐ 84 Months | ☐ 120 Months |
|---|---|---|---|---|

| COVERED VEHICLE INFORMATION: | ☐ MOTOR HOME | ☐ TRAILER | ☒ NEW | ☐ USED |
|---|---|---|---|---|

| Year 2019 | Make THOR MOTOR COACH | Model MIRAMAR 37.1 | VIN or ID Number 1F66F5DYXJ0A12358 |
|---|---|---|---|

| Please check applicable box:  ☑ Installment Sales Contract  ☐ Lease/Balloon Agreement | Addendum Retail Price $ 1,000.00 | GAP DEFICIENCY WAIVER ADDENDUM BENEFITS & LIMITATIONS |
|---|---|---|
| | Total amount financed or capitalized cost $ 164,409.14 | The maximum Waiver Benefit under this Addendum is:<br>1. $30,000 if the amount financed/capitalized cost is less than $75,000; or<br>2. $50,000 if the amount financed/capitalized cost is between $75,000 and $500,000. |

THE PURCHASE OF THIS GAP DEFICIENCY WAIVER ADDENDUM IS VOLUNTARY, WILL NOT BE A FACTOR IN THE CREDIT APPROVAL PROCESS AND NEITHER THE EXTENSION OF CREDIT, THE TERMS OF THE CREDIT, NOR THE TERMS OF THE RELATEO MOTOR VEHICLE SALE OR LEASE, MAY BE CONDITIONEO UPON THE PURCHASE OF THE GAP DEFICIENCY WAIVER AODENDUM.

I (CUSTOMER), WHOSE SIGNATURE APPEARS BELOW, ACKNOWLEDGE THAT THE INFORMATION CONTAINED ABOVE IS, TO THE BEST OF MY KNOWLEDGE, TRUE. I HAVE READ ALL PAGES OF THIS GAP DEFICIENCY WAIVER ADDENDUM IN ITS ENTIRETY; I UNDERSTAND THAT I AM ENTERING INTO A CONTRACTUAL AGREEMENT WITH THE DEALER/ASSIGNEE; I AGREE TO ALL OF ITS PROVISIONS, TERMS AND CONDITIONS; AND I AM REQUESTING COVERAGE. **I UNDERSTAND THAT A CANCELLATION REQUESTED WITHIN THIRTY (30) DAYS OF PURCHASE IS ELIGIBLE FOR A FULL REFUND.** I UNDERSTAND THAT A CANCELLATION REQUEST RECEIVED AFTER THIRTY (30) DAYS OF PURCHASE WILL BE REFUNDED PRO-RATA AND IS SUBJECT TO A CANCELLATION FEE, UNLESS OTHERWISE REQUIRED BY APPLICABLE LAW. IF THE ADDENDUM RETAIL PRICE WAS INCLUDED IN THE FINANCING OF THE COVERED VENICLE, ANY REFUND FOR A CANCELLED ADDENDUM MAY BE APPLIED BY THE DEALER/ASSIGNEE AS A REDUCTION OF THE OVERALL AMOUNT OWED UNDER THE FINANCE AGREEMENT, RATHER THAN APPLYING THE REFUND STRICTLY TO THE ADDENDUM RETAIL PRICE. THIS ADDENDUM DOES NOT TAKE THE PLACE OF INSURANCE ON THE COVERED VEHICLE. REFINANCING THE COVERED VEHICLE/FINANCE AGREEMENT VOIDS THIS ADDENDUM.

| Customer Signature | Date August 18, 2018 | Dealer Signature | Date August 18, 2018 |
|---|---|---|---|

Nevada Residents Only: By initialing this box, You acknowledge that this Addendum contains an Arbitration provision, that You have read and understand the Arbitration Procedure section and affirmatively agree to the terms contained therein.

## COVERAGE

Customer is responsible to the named Dealer/Assignee under the terms of the described Finance Agreement for the amount of any early termination liability resulting from a Total Loss of the Covered Vehicle. Due to this Addendum being in effect, the Dealer/Assignee agrees to cancel a portion of the Customer's Indebtedness in the event of a Total Loss of the Covered Vehicle as defined herein.

This Addendum will waive the amount equal to the Unpaid Net Balance less the Actual Cash Value of the Covered Vehicle, both as defined herein, subject to the Actual Cash Value not having been reduced by more than one thousand ($1,000) dollars as a result of the application of the Customer's Primary Insurance deductible. Any deductible amount in excess of one thousand ($1,000) dollars remains the Customer's responsibility. There is no deductible coverage available for (a) vehicles financed or leased in Alaska or (b) vehicles leased in Illinois. It is further agreed that the maximum Waiver Benefit is limited to thirty thousand ($30,000) dollars if the Amount Financed/capitalized cost is less than seventy-five thousand ($75,000) dollars, and fifty thousand ($50,000) dollars if the Amount Financed/capitalized cost is between seventy-five thousand ($75,000) dollars and five hundred thousand ($500,000) dollars. This Addendum may not waive the entire amount owed at the time of loss if the Amount Financed on the Finance Agreement exceeds one hundred twenty (120%) percent of the MSRP for new vehicles or one hundred (120%) percent of the NADA retail value for used vehicles, if the term of the Finance Agreement exceeds the selected Truncated GAP Coverage Term, or if other excluded charges (as defined in this Addendum) are included in the Unpaid Net Balance.

## DECLINATION OF DEFICIENCY WAIVER ADDENDUM

☐  I DO NOT CHOOSE TO PURCHASE THE DEFICIENCY WAIVER ADDENDUM. I UNDERSTAND THAT BY NOT ACCEPTING THE DEFICIENCY WAIVER ADDENDUM, I AM NOT ENTITLED TO ANY OF THE BENEFITS LISTED HEREIN IN THE EVENT OF A TOTAL LOSS OF THE COVERED VEHICLE.

| Customer Signature | Date | Dealer Signature | Date |
|---|---|---|---|

Administrator: Two Concourse Parkway, Suite 500, Atlanta, GA 30328 • 800-742-7896
In Indiana, the Plan Administrator is Safe-Guard Warranty Corporation • Two Concourse Parkway, Suite 500, Atlanta, GA 30328 • 800-742-7896

GSRGP120
Rev 11/15

White: ADMINISTRATOR   Yellow: DEALER   Pink: ASSIGNEE/LENDER   Goldenrod: CUSTOMER



**MOTOR HOME/TRAILER GOOD SAM
TIRE & WHEEL SERVICE CONTRACT
PROTECTION LIMITED AGREEMENT
AND REGISTRATION APPLICATION**

**REGISTERED CUSTOMER INFORMATION**

Last Name CARTER          First Name JACOB          Middle Initial

Street Address                    !T          Apt #

City BILOXI          State MS          Zip Code 39532

Home Phone #          Bus. Phone #          E-mail

**COVERED VEHICLE INFORMATION**

Manufacturer THOR MOTOR COACH          Model Miramar 37.1          Year 2019

Vehicle ID # 1F66F5DYXJ0A12358          Lienholder BANK OF THE WEST, A CA BANKING

Vehicle Purchase Price $ 164,888.00          Amount Financed $ 164,409.14

Vehicle Service Contract Purchase Price $ 895.00     New Vehicle ■          Used Vehicle ☐

**DEALER INFORMATION**

Dealer # 0FR20026          Dealership CAMPING WORLD RV SALES - BILOX

Street Address 12020 SHRINERS BLVD

City BILOXI          State MS          Zip Code 39532

I ("Registered Customer") whose signature appears below, acknowledge that the information contained above is, to the best of my knowledge, true. I have read the terms and conditions contained herein and I understand and agree to all of the provisions herein. This Agreement is between the Obligor and Registered Customer.

08/18/2018

Date of Sale
(Effective Date of Agreement)          Registered Customer Signature          Dealer Signature

---

| TIRE & WHEEL PROTECTION COVERAGE TERM | | |
|---|---|---|
| Please check (✔) one box only. | ■ MOTOR HOME | ☐ MULTI-AXLE TRAILER   ☐ SINGLE-AXLE TRAILER |
| Please check (✔) one box only. | ■ 5 YEARS | ☐ 7 YEARS |

**IF NO BOX IS CHECKED (✔), MAXIMUM COVERAGE WILL APPLY UNLESS COVERAGE IS DECLINED AS SHOWN BELOW.**

COVERAGE AFFORDED UNDER THIS AGREEMENT APPLIES TO ANY TIRE THAT IS ON THE ABOVE-DESCRIBED VEHICLE AND TO THE TIRES ON THE VEHICLE TOWING SUCH TRAILER OR BEING TOWED BY SUCH MOTOR HOME, BUT ONLY WHILE IT IS TOWING OR BEING TOWED BY THE ABOVE-DESCRIBED VEHICLE. ALL COVERAGE IS SUBJECT TO THE TERMS, CONDITIONS AND LIMITATIONS SET FORTH ON THE FOLLOWING PAGES OF THIS AGREEMENT.

**THE PURCHASE OF THE TIRE & WHEEL PROTECTION IS NOT A REQUIREMENT
FOR THE PURCHASE, LEASE OR FINANCING OF A COVERED VEHICLE.
THIS AGREEMENT IS NOT AN INSURANCE CONTRACT.
SEE IMPORTANT TERMS AND CONDITIONS ON THE FOLLOWING PAGES.**

---

**DECLINATION OF MOTOR HOME & TRAVEL TRAILER TIRE & WHEEL PROTECTION**

☐ I do not choose to register my vehicle under the Motor Home & Travel Trailer Tire & Wheel Service Contract Protection Limited Agreement. By not purchasing the Motor Home & Travel Trailer Tire & Wheel Protection Program, I fully understand that in the event my vehicle is involved in a road hazard incident I am not entitled to any of the Limited Agreement protection provisions provided under the terms of this Agreement.

Date          Registered Customer Signature          Dealer Signature

Safe-Guard Products International, LLC ("Administrator"/"Obligor"/"Provider") Two Concourse Parkway, Suite 500, Atlanta, GA 30328 • 800-742-7896
In Florida the Obligor and Administrator is SAFE-GUARD WARRANTY CORPORATION, Florida License Number 60128
Two Concourse Parkway, Suite 500, Atlanta, GA 30328 • 866-279-5263

2/13

GSRTWSA
Rev 2/13



## AMENDMENT TO FORM NUMBERS:
## GSRTWSA, GSRTWSAVSC

### MISSISSIPPI VEHICLE SERVICE CONTRACT (VSC) DISCLOSURE FORM

Thank you for purchasing one of the above-mentioned Good Sam service contract agreements (each, an "Agreement"). This Disclosure Form amends the terms of your Agreement to comply with the recently enacted Mississippi Rule "Title 19, Part 4, Chapter 4, 'Regulation of Vehicle Service Contracts.'" Pursuant to Mississippi's new law, we are required to provide you with the following disclosures:

The Cancellation Procedures section is deleted in its entirety and replaced with the following:

1. Agreements cancelled by Registered Customer within thirty (30) days of Agreement Sale Date are eligible for a one hundred (100%) percent refund of Vehicle Service Contract Purchase Price, less any claims paid. Agreements cancelled by Registered Customer after thirty (30) days are eligible for a pro-rata refund based on the unexpired term of the Agreement, less the cost of any benefits paid under the Agreement, less a processing fee in the amount of (i) ten (10%) of the Vehicle Service Contract Purchase Price or (ii) fifty ($50) dollars, whichever is less. To initiate the cancellation process, please contact the Administrator or the dealership on the first page of the Agreement. The refund amount will be payable to Registered Customer or the financial institution/lender, where applicable. All cancellation requests must be made in writing, signed by Registered Customer and received by Administrator at Two Concourse Parkway, Suite 500, Atlanta, GA 30328. A ten (10%) percent penalty per month will be added to any refund that is not paid or credited within forty-five (45) days after Administrator's receipt of Your written request to cancel the Agreement.

2. Administrator cannot cancel this Agreement except for material misrepresentation, a substantial breach of Your contractual duties under this Agreement, or non-payment of the Vehicle Service Contract Purchase Price, in which case You will be notified of the reason for cancellation and the effective date of cancellation at least thirty (30) days prior to the effective date of cancellation. If Administrator cancels this Agreement for any reason other than non-payment of the Vehicle Service Contract Purchase Price, Administrator will return one hundred (100%) percent of the unearned pro-rata Vehicle Service Contract Purchase Price, less any claims paid.

With Your signature below, You acknowledge that You have received, read, and understood this Disclosure Form. Additionally, by signing below, You and Dealer acknowledge that this Disclosure Form amends the Agreement You purchased.

_____          _____
Registered Customer Signature                Dealer Signature

_____          _____
Registered Customer Name                     Dealer Name

_____          _____
Date                                         Date

GSVSC-MS-ADD                                                          Rev. 1/18

FORM CWRVCVPPMAG-for 2018

## EXTERIOR / ENVIRONMENTAL PROTECTION, INTERIOR PROTECTION AND VINYL AND LEATHER PROTECTION
## FIVE (5) YEAR LIMITED WARRANTY

Dealer: Camping World-Biloxi (901118) 8010 E Oaklawn Road Biloxi MS 39532-7824          Contract# 901118N5CWRVCVPPMAGZ084624

### Customer Information

First Name: JACOB
Last Name: CARTER
Card#
Phone#: 228-860-7221
Email:

Veh Purchase Price: 164888

Address: [                    ]
City: BILOXI
State: MS
Zip: 39532
Lienholder Name: BANK OF THE WEST, A CA BANKING CORPORATION
Lienholder Address: PO BOX 2497 OMAHA NE 68103

### Vehicle Information

Type: New
Year: 2019
Make: THOR MOTOR COACH
Model: Miramar 37.1
Color
VIN# 1F66F5DYXU0A12358
Mileage: 1025

Product Price: $3995.00    Effective Date: 8/18/2018

I acknowledge that the information contained above is, to the best of my knowledge true. I have read the terms and conditions listed and I understand and agree to the provisions herein.

Customer:_____ Dealer Representative:_____ Effective Date:_____

## FIRST PLACE FINISH LIMITED WARRANTY FOR RECRECATIONAL VEHICLES

### FIRST PLACE FINISH
### EXTERIOR PAINT, INTERIOR FABRIC & VINYL/LEATHER PROTECTION
### FIVE (5) YEAR LIMITED WARRANTY (CWRVC)

Warranty Term: Five (5) Years from Date of Purchase for Recreational Vehicles.

#### COVERAGE INCLUDES:

**Exterior Paint Protection Warranty:** Painted exterior surfaces that are treated with *First Place Finish Exterior Protection* are covered against damage resulting from fading, weather induced cracking or peeling, oxidation or loss of gloss.

**Interior Fabric Protection Warranty:** Interior fabric trim that is treated with *First Place Finish Interior Protection* is covered against stains from any normal oil- or water-based spills such as water, grease, coffee, milk, oil, alcoholic beverages, soft drinks or any similar non-corrosive liquids, rips, tears, and burns less than 1 inch in length or diameter

**Interior Vinyl & Leather Protection Warranty:** Interior vinyl & leather surfaces that are treated with *First Place Finish Vinyl & Leather Protection* are covered against weatherinduced cracking, rips, tears, and burns less than 1 inch in length and diameter

This agreement is a product warranty and is not insurance. Our obligations and the performance to You under this warranty are guaranteed and insured by a policy issued by Dealers Assurance Company, 3518 Riverside Drive, P.O. Box 21185 Upper Arlington, Ohio, 43221, (614) 459-0364. If a covered claim or refund is not paid within sixty (60) days after proof of loss has been filed, You may file a claim directly with the Insurance Company by contacting the Insurance Company at the number provided above.

Metrotech Chemicals, Inc.'s responsibility under the exterior paint/gelcoat protection warranty is limited to the cost of repairing the damaged area and reapplication of the First Place Finish exterior paint protection, and under the interior fabric protection warranty is limited to the repairing or replacing the damaged areas and reapplication of the First Place Finish interior protection to those affected areas. Metrotech Chemicals Inc.'s responsibility under the interior vinyl & leather warranty is limited to the repair of the damaged areas. It is not responsible for incidental or consequential damages, and no implied warranty of merchantability or fitness for a particular purpose shall apply for a time beyond the length of the express warranty made herein. Some states do not allow limitations on how long an implied warranty lasts, so the above limitation may not apply to you. Some states do not allow the exclusion or limitation of incidental or consequential damages, so the above limitation or exclusion may not apply to you. This warranty gives you specific legal rights, and you may also have other rights which vary from state to state.

1 / 3



# Good Sam
**Roadside Assistance**

# MEMBERSHIP ACTIVATION FORM
**Customer Copy**

| Date of Purchase: | 8/18/2018 | | Card Number: | 154588826 |

## OWNER INFORMATION:

Total Amount Paid by Customer:  $ 600.00

| CARTER | JACOB | |
|---|---|---|
| LAST | FIRST | HOME PHONE |

| SPOUSE | | CELL PHONE |
|---|---|---|

| ADDRESS | | | |
|---|---|---|---|
| BILOXI | MS | 39532 | |
| CITY | STATE | ZIP | EMAIL |

## TERM SOLD INFORMATION: Check Only ONE Additional Box

☒ 1 YEAR STANDARD (FREE)

**ADDITIONAL PLATINUM+**
**YEARS SOLD**

*If additional years are sold, the 1 Free Year of Standard above is automatically upgraded to 1 Free Year of Platinum+

☐ 0 YEARS   ☐ 1 YEAR   ☐ 2 YEARS   ☐ 3 YEARS   ☑ 4 YEARS   ☐ 5 YEARS

## VEHICLE INFORMATION: Enter all vehicle info below.

☑ NEW          ☐ PRE-OWNED          ☐ LEASE          ☐ SALES CONTRACT

### MOTORIZED:

| VIN #: | 1F66F5DYXJ0A12358 | | Class: | ☑ A  ☐ B  ☐ C | Year: | 2019 |
| Make: | THOR MOTOR COACH | | Model: | Miramar 37.1 | | |
| Length: | 37.00 | | Chassis: | | | |

### TOWABLE:

☐ Travel Trailer   ☐ Fifth Wheel   ☐ Folding Tent Trailer   ☐ Slide-in Camper   ☐ Other

| VIN #: | | Year: | |
| Make: | Model: | | Length: |

## BANK INFORMATION:

| BANK OF THE WEST, A CA BANKING | | 8/18/2018 |
|---|---|---|
| FINANCIAL INSTITUTION | AGREEMENT NUMBER<br>800B432327 | AGREEMENT DATE<br>$164,888.00 |
| CONTACT | PHONE | VEHICLE PURCHASE PRICE |

## DEALER INFORMATION:

| Camping World RV Sales - Biloxi | | | |
|---|---|---|---|
| DEALER NAME | AUTHORIZED REPRESENTATIVE SIGNATURE | | |
| 8010 E. Oaklawn Rd | Biloxi | MS | 39532 |
| ADDRESS | CITY | STATE | ZIP |
| | | 8/18/2018 | |
| CUSTOMER SIGNATURE | | DATE | |

64 INVERNESS DRIVE EAST  •  ENGLEWOOD, CO 80112

Document RA-BANK

EXCLUSIVELY FOR



# ALERT EMERGENCY NOTIFICATION SERVICE REGISTRATION APPLICATION AND MEMBERSHIP AGREEMENT

## FIRST CUSTOMER INFORMATION

Last Name **CARTER**            First Name **JACOB**            Middle Initial _____

Street Address _____            Apt # _____

City **BILOXI**            State **MS**            Zip Code **39532**

Primary Phone Number _____            Secondary Phone Number _____

## SECOND CUSTOMER INFORMATION

Last Name _____            First Name _____            Middle Initial _____

Street Address _____            Apt # _____

City _____            State _____            Zip Code _____

Primary Phone Number _____            Secondary Phone Number _____

## MOTOR HOME/TRAILER INFORMATION

Manufacturer **THOR MOTOR COA·**            Model **Miramar 37.1**            Year **2019**

Vehicle Identification Number (VIN) **1F66F5DYXJ0A12358**

Alert Retail Price $ **399.00**            Agreement Purchase Date **08/18/2018**

## DEALER INFORMATION

Dealer # **0FR20026**            Dealer Phone Number _____            Dealership Name **CAMPING WORLD RV SALES - BI**

Street Address **12020 SHRINERS BLVD**

City **BILOXI**            State **MS**            Zip Code **39532**

---

### Alert Emergency Notification Service Coverage and Agreement Term:

- **DUAL COVERAGE PLAN:** Includes two (2) adult memberships.

- **AGREEMENT TERM: 5 YEARS**

---

### ALERT EMERGENCY NOTIFICATION SERVICE MEMBERSHIP AGREEMENT

I, Customer, whose signature appears below, acknowledge that the information contained above is, to the best of my knowledge, true. I have read the terms and conditions of this Good Sam Alert Emergency Notification Service Membership Agreement ("Agreement") and I understand and agree to all of the provisions herein. I understand that this Agreement is NON-TRANSFERABLE and NON-CANCELABLE, and that the Alert Retail Price is NON-REFUNDABLE.

I understand that I must complete the emergency contact form, which will be provided to me by the Dealer. I understand that this information will be supplied to the Administrator and to the Alert Emergency Specialists. I understand that the Administrator will issue one (1) membership ID card, one (1) membership ID key tag, and two (2) windshield decals with my purchase of this Agreement, which will identify me as a member of the Good Sam Alert Emergency Notification Service program. In the event of an emergency, I understand that Administrator, or the Alert Emergency Specialists, will notify one of the emergency contacts I listed on the emergency contact form, and will provide any listed medical information to emergency personnel. I agree that Administrator will not be liable in the event that the Alert Emergency Specialists fail to notify Administrator that an emergency has occurred. I understand that the contacts I have listed will be notified, in the order listed, of the emergency situation. I understand that neither Administrator nor the Alert Emergency Specialists shall be liable for failing to notify the contacts listed once reasonable attempts have been made to call the phone numbers I have listed on the emergency contact form.

Date **08/18/2018** First Customer Signature _____            Dealer Signature _____

Date **08/18/2018** Second Customer Signature _____            Dealer Signature _____

Administrator: Safe-Guard Products International, LLC, Two Concourse Parkway, Suite 500, Atlanta, GA 30328 · 1-800-949-5715
Good Sam Alert Emergency Specialists provided through Sunshine Communication Services, Inc., 159 Madeira Avenue, Coral Gables, FL 33134 · 1-877-490-1627

GSAL
Rev 11/17

White: First Customer      Yellow: Second Customer      Pink: Administrator      Gold: Dealer Copies



# MEMBERSHIP ACTIVATION FORM

**Customer Copy**

| Date of Purchase: | 8/18/2018 | | Card Number: | 63433015 |
|---|---|---|---|---|

## OWNER INFORMATION:

Total Amount Paid by Customer:   $ 600.00

| CARTER | | JACOB | | | |
|---|---|---|---|---|---|
| LAST | | FIRST | | HOME PHONE | |
| SPOUSE | | | | CELL PHONE | |
| ADDRESS | | | | | |
| BILOXI | MS | 39532 | | | |
| CITY | STATE | ZIP | EMAIL | | |

## TERM SOLD INFORMATION: Check Only ONE Additional Box

☒ 1 YEAR TRAVELASSIST (FREE)

**ADDITIONAL PREMIER YEARS SOLD**   *If additional years are sold, the 1 Free Year of TravelAssist (Base) above is automatically upgraded to 1 Free Year of Premier

☐ 0 YEARS   ☐ 1 YEAR   ☐ 2 YEARS   ☐ 3 YEARS   ☑ 4 YEARS   ☐ 5 YEARS

## BANK INFORMATION:

| BANK OF THE WEST, A CA BANKING | | 8/18/2018 |
|---|---|---|
| FINANCIAL INSTITUTION | AGREEMENT NUMBER | AGREEMENT DATE |
| | 8008432327 | $164,888.00 |
| CONTACT | PHONE | VEHICLE PURCHASE PRICE |

## DEALER INFORMATION:

| Camping World RV Sales - Biloxi | | | | |
|---|---|---|---|---|
| DEALER NAME | | AUTHORIZED REPRESENTATIVE SIGNATURE | | |
| 8010 E. Oaklawn Rd | Biloxi | MS | 39532 | |
| ADDRESS | CITY | STATE | ZIP | |
| | | 8/18/2018 | | |
| CUSTOMER SIGNATURE | | DATE | | |

*Membership is subject to cancellation by either party at any time for any reason, upon written notification. The cancellation of a membership includes the primary member and all individuals eligible for benefits under the membership. All benefits will cease when the membership expires or either party cancels. Should either party cancel, member will receive a prorated refund for the unused portion of his/her membership term, without any deductions.*

64 INVERNESS DRIVE EAST  •  ENGLEWOOD, CO 80112

2556479

MS-102 3/1/2017

# Retail Installment Contract and Security Agreement

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary | |
|---|---|---|---|
| Camping World RV Sales - Biloxi<br>12020 Shriners Blvd.<br>Biloxi, MS 39532 | JACOB A CARTER<br><br>BILOXI, MS 39532 | No.<br>Date | 3095414/10449367<br>08/18/2018 |

☐ Business, commercial or agricultural purpose Contract.

## Truth-In-Lending Disclosure

| Annual Percentage Rate<br>The cost of your credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of |
|---|---|---|---|---|
| 5.25 % | $ 101,611.40 | $ 164,625.40 | $ 266,236.80 | $ 18,200.00<br>$ 284,436.80 |

Payment Schedule. Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 240 | $ 1,109.32 | Monthly, beginning on 9/17/2018 . |
| N/A | $ N/A | NOT APPLICABLE |
| N/A | $ N/A | NOT APPLICABLE |

Security. You are giving us a security interest in the Property purchased.

Late Charge. If you don't make a payment within 10 days of its due date, you will pay a late charge of 5% of the late amount or $5, whichever is less, unless the Vehicle is a commercial vehicle. For a commercial vehicle, if you don't make a payment within 15 days of its due date, you will pay a late charge of 4% of the late amount, with a minimum charge of $5 and a maximum charge of $50.

Prepayment. If you pay off this Contract early, you will not have to pay a penalty.

Contract Provisions. You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2019 | MIRAMAR | 37.1 | ClassA | 1F66F5DYXJ0A12358 | 1025 |

☒ New
☐ Used
☐ Demo

2019 MIRAMAR 37.1 ClassA 1F66F5DYXJ0A12358    Other:

## Description of Trade-In

2018 DUTCHMEN 2835BH
[4YDT28327JM936644]

## Conditional Delivery

☐ Conditional Delivery. If checked, you agree that the following agreement regarding securing financing ("Agreement") applies: N/A
_____ . The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of the Contract will apply.

## Sales Agreement

Payment. You promise to pay us the principal amount of
$ 164,625.40 _____ plus finance charges accruing on the unpaid balance at the rate of 5.25 % per year from the date of this Contract until maturity. After maturity, or after you default and we demand payment, we will

charge finance charges on the unpaid balance at 5.25 % per year.

You agree to pay this Contract according to the payment schedule and late charge provisions shown in the Truth-In-Lending Disclosure. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

Down Payment. You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the Itemization of Amount Financed.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

☒ Document/Service Fee. You agree to pay a Document/Service Fee of
$ 299.00 _____ .

A DOCUMENT/SERVICE FEE IS NOT AN OFFICIAL FEE AND IS NOT REQUIRED BY LAW, HOWEVER, IT MAY BE CHARGED TO A BUYER/LESSEE FOR THE PREPARATION, HANDLING AND PROCESSING OF DOCUMENTS AND THE PERFORMANCE OF SERVICES RELATED TO THE SALE OR LEASE OF A MOTOR VEHICLE AND MAY INCLUDE DEALER PROFIT. THIS NOTICE IS REQUIRED BY REGULATION OF THE MISSISSIPPI MOTOR VEHICLE COMMISSION.

Retail Installment Contract-MS Not for use in transactions secured by a dwelling.
Bankers Systems®
©2017 The Reynolds and Reynolds Company

RSBMVLFL2MS 3/12/2017

Page 1 of 5

Customers Initial Here

2556479

## Itemization of Amount Financed

| | | |
|---|---|---|
| a. | **Cash Price** of Vehicle, etc. (incl. sales tax of $ 6,144.40 ) | $ 171,032.40 |
| b. | Trade-in allowance | $ 42,000.00 |
| c. | Less: Amount owing, paid to (includes k): HUNTINGTON BANK | $ 32,000.00 |
| d. | Net trade-in (b-c; if negative, enter $0 here and enter the amount on line k) | $ 10,000.00 |
| e. | Cash payment | $ 8,200.00 |
| f. | Manufacturer's rebate | $ 0.00 |
| g. | Deferred down payment | $ 0.00 |
| h. | Other down payment (describe) N/A | $ 0.00 |
| i. | **Down Payment** (d+e+f+g+h) | $ 18,200.00 |
| j. | **Unpaid balance of Cash Price** (a-i) | $ 152,832.40 |
| k. | Financed trade-in balance (see line d) | $ 0.00 |
| l. | Paid to public officials, including filing fees | $ 10.00 |
| m. | Insurance premiums paid to insurance company(ies) | $ 0.00 |
| n. | Service Contract, paid to: Assurant | $ 3,995.00 |
| o. | To: GAP paid to Safe Guard | $ 1,000.00 |
| p. | To: Paint Protection paid to Metro Tech | $ 3,995.00 |
| q. | To: Tire & Wheel Protection paid to Safe Guard | $ 895.00 |
| r. | To: Roadside Assistance paid to Good Sam | $ 600.00 |
| s. | To: Emergency Alert paid to Safe Guard | $ 399.00 |
| t. | To: Travel Assistance paid to Good Sam | $ 600.00 |
| u. | To: Document/Service Fee paid to Seller | $ 299.00 |
| v. | To: N/A | $ 0.00 |
| w. | To: N/A | $ 0.00 |
| x. | To: N/A | $ 0.00 |
| y. | **Total Other Charges/Amts Paid** (k thru x) | $ 11,793.00 |
| z. | **Prepaid Finance Charge** | $ 0.00 |
| aa. | **Amount financed-principal balance** (j+y-z) | $ 164,625.40 |
| bb. | **Finance charge** | $ 101,611.40 |
| cc. | **Total of payments-time balance** (aa+bb) | $ 266,236.80 |

We may retain or receive a portion of any amounts paid to others.

*[This area intentionally left blank.]*

## Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below only the coverages you have chosen to purchase.

**Credit Life**

☐ Single ☐ Joint ☒ None

Premium $ 0.00 Term N/A

Insured N/A

**Credit Disability**

☐ Single ☐ Joint ☒ None

Premium $ 0.00 Term N/A

Insured N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

By: JACOB A CARTER 08/21/1985 DOB

By: N/A N/A DOB

By: N/A N/A DOB

**Property Insurance.** You must insure the Property. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ 1,000.00. If you get insurance from or through us you will pay $ 0.00 for N/A of coverage.

This premium is calculated as follows:

☐ $ 0.00 Deductible, Collision Cov. $ 0.00

☐ $ 0.00 Deductible, Comprehensive $ 0.00

☐ Fire-Theft and Combined Additional Cov. $ 0.00

☐ N/A $ 0.00

**Liability insurance coverage for bodily injury and property damage caused to others is not included in this Contract unless checked and indicated.**

☐ **Single-Interest Insurance.** You must purchase single-interest insurance as part of this sale transaction. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ N/A for N/A of coverage.

2556479

## Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

**☒ Service Contract**

| | |
|---|---|
| Term | 60 months |
| Price | $ 3,995.00 |
| Coverage | as per Vehicle Service Contract |

**☒ Gap Waiver or Gap Coverage**

| | |
|---|---|
| Term | 240 months |
| Price | $ 1,000.00 |
| Coverage | as per GAP Contract |

**☒ Paint Protection**

| | |
|---|---|
| Term | 80 months |
| Price | $ 3,995.00 |
| Coverage | as per Paint Protection Contract |

_____      08/18/2018

By: JACOB A CARTER                              Date

_____      N/A

By: N/A                                                      Date

_____      N/A

By: N/A                                                      Date

## Additional Terms of the Sales Agreement

**Definitions.** "Contract" refers to this Retail Installment Contract and Security Agreement. The pronouns "you" and "your" refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns "we", "us" and "our" refer to the Seller and any entity to which it may transfer this Contract. "Vehicle" means each motor vehicle described in the Description of Property section. "Property" means the Vehicle and all other property described in the Description of Property and Additional Protections sections.

**Purchase of Property.** You agree to purchase the Property from Seller, subject to the terms and conditions of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the Description of Property section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The "Total Sale Price" is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the Truth-In-Lending Disclosure assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time without penalty. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Returned Payment Charge.** If you make any payment required by this Contract with a check that is returned due to insufficient funds in the account, and we are charged a fee or service charge as a result of such a return, then we may add the actual amount of the fee or service charge up to a maximum of $15.00 to the unpaid balance of this Contract.

**Governing Law and Interpretation.** This Contract is governed by the law of Mississippi and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

- You fail to perform any obligation that you have undertaken in this Contract.
- We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including court costs and fees for repossession, repair, storage and sale of the Property securing this Contract. You also agree to pay reasonable attorneys' fees not in excess of 15% of the unpaid debt after default and referral to an attorney not a salaried employee of ours.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract, subject to any right to reinstate this Contract that you may exercise. Those remedies include:

- We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges. If we have repossessed the Property, our right to accelerate is subject to your right to redeem the Property and reinstate the Contract as the law allows.
- We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn finance charges from the date we pay it at the post-maturity rate described in the Payment section until paid in full.
- We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.
- If you do not redeem the Property, we may sell the Property and apply whatever we receive to our reasonable expenses and then toward what you owe us as the law allows.
- Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to your of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You have a right to recover that property.

Retail Installment Contract-MS Not for use in transactions secured by a dwelling.
Bankers Systems®
©2017 The Reynolds and Reynolds Company

RSSIMVLRLZMS 3/1/2017
Page 3 of 5

Customers Initial Here

2556479

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

## Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the *Payment* section until paid in full.

**Creditor-Placed Insurance Notice. You are giving us a security interest in the Property. You are required to maintain insurance on the Property to protect our interest until all amounts owed under this Contract are paid. If you fail to provide us evidence of that insurance, we may place insurance on the Property. You will be responsible to pay for the costs of the insurance we place.**

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

## Notices

**NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Si compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.**

## Third Party Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, *"you"* means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

You acknowledge receipt of a completed copy of this Contract.

NOT APPLICABLE

| | N/A |
|---|---|
| By: NOT APPLICABLE | Date |
| Signature of Third Party Owner (NOT the Buyer) | |

*[This area intentionally left blank.]*

Retail Installment Contract-MS Not for use in transactions secured by a dwelling.
Bankers Systems©
©2017 The Reynolds and Reynolds Company

RSSIMVLFLZMS 3/1/2017
Page 4 of 5
Customers Initial Here

2556479

☐ Electronic Signature Acknowledgment. You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of this electronic form. You may enforce the paper version of the Contract copy that you received.

## Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

## Signatures

Entire Agreement. Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

| | |
|---|---|
| *(signature)* | 08/18/2018 |
| By: JACOB A CARTER | Date |

| | |
|---|---|
| | N/A |
| By: N/A | Date |

| | |
|---|---|
| | N/A |
| By: N/A | Date |

*[This area intentionally left blank.]*

Notice to the Buyer. 1. Do not sign this Contract before you read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the Contract you sign.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

Buyer

| | |
|---|---|
| *(signature)* | 08/18/2018 |
| By: JACOB A CARTER | Date |

| | |
|---|---|
| | N/A |
| By: N/A | Date |

| | |
|---|---|
| | N/A |
| By: N/A | Date |

Seller

| | |
|---|---|
| *(signature)* | 08/18/2018 |
| By: Camping World RV Sales - Biloxi | Date |

Assignment. This Contract and Security Agreement is assigned to Bank Of The West, A California Banking Corp
PO Box 2497, Omaha, NE 88103

the Assignee, phone _____ . This assignment is made under the terms of a separate agreement made between the Seller and Assignee.

☐ This Assignment is made with recourse.

Seller

| | |
|---|---|
| *(signature)* | 08/18/2018 |
| By: Camping World RV Sales - Biloxi | Date |

Retail Installment Contract-MS Not for use in transactions secured by a dwelling.
Bankers Systems℠
©2017 The Reynolds and Reynolds Company

RSSIMVLFLZMS 3/1/2017
Page 5 of 5
Customers Initial Here ____

W/O: 8739W
Promised Date: 13 MAR 19

**CAMPING WORLD RV SALES - BILOXI**
12020 SHRINERS BLVD
BILOXI MS 39532
(PH) 228-273-2790

WO #: 8739W
Customer Name: 2587783 - CARTER,
JACOB
Address:                              ⁻Ɔ

Postal/Zip: 3950/
Phone#(res)· ^·        · ·
Phone#(bus):
Cell Phone:        · · ·
Email:                    n

WO Date: 28 AUG 18
Tag#: 2195 y
Author: LANCE.SMITH
Stock No: 1467363
Year: 2019
Manufacturer: THOR MOTOR COACH
Brand: MIRAMAR
Model: 37.1
Length: 37'0"
Serial#: MAX03710025320
Chassis#: 1F66F5DYXJ0A12358
Miles/Hrs: 987
Purchased Date: 21 AUG 18
Warranty Date: 18 AUG 18
InService Date: 28 AUG 18

First Name: JACOB
ExtW Co: GS EXTW
ExtW No:
Promised Date: 13 MAR 19
Completed Date: 13 MAR 19
Invoice#:



---

**Job #1 - External**
COMPLAINT: D/S COUCH KICK PANEL HALF IS FADED AND
DOES NOT MATCH. CC

CAUSE: TECH OFUND BAD
REPAIR JOB.

CORRECTION: NEED TO R/R KICK PANEL. CC

WARRANTY HAS BEEN DENIED FOR REPLACING

**Other Services**

| Code | Description | Qty | Price | Total |
|------|-------------|-----|-------|-------|
| SS2 | SHOP SUPPLIES | 1.00 | 0.00 | 0.00 |
| CWP | 5022384/109009 BATTERY | 1.00 | N/C | N/C |

| | | Subtotal for Job #1: | | 0.00 |
|--|--|--|--|--|

**Job #2 - Warranty**
COMPLAINT: D/S COUCH LEFT DRAG MARK ON FLOOR.
CC

CAUSE: TECH OFUND KICK PANEL MECHANISM
BROKEN.

CORRECTION: NEED TO R/R KICK PANEL AND
REPAIR DRAG ON FLOOR. CC

WARRANTY APPROVED FOR SUBLET REPAIR

| | | Subtotal for Job #2: | 0.00 |
|--|--|--|--|

**Job #3 - Warranty**
COMPLAINT: D/S THE STITCHING ON THE DRIVER SEAT IS
COMIN GLOOSE AND FRAYED. CC

CAUSE: TECH FOUND
STITCHING COMING LOOSE.

CORRECTION: NEED TO SUBLET

EXHIBIT
"B"



Customer #: 2587783
CARTER, JACOB

---

TO REPAIR STITCHING. CC

WARRANTY APPROVED TO REPLACE COVER .50

**Parts**

| Part #<br>461676 | Description<br>DEFOE ASH TS BLK DBS KING<br>RANCH BEIGE COVER ONLY FOR<br>SEAT (NO BACK OR ARMS) | Qty<br>1.00 | Price<br>N/C | Total<br>N/C |
|---|---|---|---|---|

|  | Subtotal for Job #3: | 0.00 |
|---|---|---|
|  | Parts Total: | 0.00 |
|  | Labour Total: | 0.00 |
|  | Sublet Total: | 0.00 |
|  | Extras Total: | 0.00 |
|  | **WORK ORDER TOTAL:** | **0.00** |

DATE VEHICLE DROPPED OFF_____

DATE OF APPOINTMENT_____

REPAIR COMPLETION DATE_____

OWNER NOTIFIED OF COMPLETION @ TIME_____DATE_____.

DATE RELEASED/COLLECTED _____

I/WE, THE UNDERSIGNED, ACKNOWLEDGE THE FOREGOING AS FACTUAL AND I/WE
HEREBY ACKNOWLEDGE RECEIPT OF THE COMPLETED WORKORDER. I/WE HAVE
INSPECTED MY/OUR VEHICLE AND HAVE EXAMINED THE WORK DONE. I/WE CONFIRM
THAT THE REQUESTED WORK HAS BEEN COMPLETED TO MY/OUR SATISFACTION.

SIGNATURE OF OWNER _____

**CAMPING WORLD RV SALES - BILOXI**
12020 SHRINERS BLVD
BILOXI MS 39532
(PH) 228-273-2790

WO #: 8846
Customer Name: 2587783 - CARTER, JACOB
Address:

Postal/Zip: 39507
Phone#(res):
Phone#(bus):
Cell Phone:
Email:

WO Date: 28 AUG 18
Tag#: 313 BLUE
Author: SHANNON.ABBOTT
Stock No: 1467363
Year: 2019
Manufacturer: THOR MOTOR COACH
Brand: MIRAMAR
Model: 37.1"
Length: 37'0"
Serial#: MAX03710025320
Chassis#: 1F66F5DYXJ0A12358
Miles/Hrs: 987
Purchased Date: 21 AUG 18
Warranty Date: 21 AUG 18
InService Date:

First Name: JACOB
ExtW Co: USP
ExtW No:
Promised Date: 26 OCT 18
Completed Date: 28 SEP 18
Invoice#: X34392

**Job #1 - Warranty**
COMPLAINT: C/S THE KITCHEN TABLE IS BROKEN, SAYS
THE SCREWS BACKED OUT AND WAS VERY
UNSTEADY.

CAUSE: SCREWS STRIPPED

CORRECTION: REMOVE SCREWS
AND ADD LARGERIALSO ADD
EXTRA SCREWS
WARRANTY APPROVED 0.30

| Labor Code | Description | Mechanic | Total |
|---|---|---|---|
| ST | STRAIGHT TIME | K | N/C |
| ST | STRAIGHT TIME | K | N/C |

Subtotal for Job #1:  0.00

**Job #2 - Warranty**
C/S THE BRACKETS ON THE LADDER FOR THE
OVERCAB BUNK DO NOT FIT ON THE BUNK.

Subtotal for Job #2:  0.00

**Job #3 - External**
COMPLAINT: C/S THE ICE MAKER DOESN'T WORK.

CAUSE: WATER VALVE OFF

CORRECTION: TURN ON WATER VALVE

| Labor Code | Description | Mechanic | Total |
|---|---|---|---|
| ST | STRAIGHT TIME | K | 72.50 |

| Other Services Code | Description | Qty | Price | Total |
|---|---|---|---|---|
| SS2 | SHOP SUPPLIES | 1.00 | 13.05 | 13.05 |

Subtotal for Job #3:  85.55



**Job #4 - Warranty**
COMPLAINT: C/S THE STITCHING ON THE DRIVERS SEAT IS
COMING LOOSE AND FRAYED.

CORRECTION: R\R SEAT COVER
WARRANTY DENIED

| Labor Code | Description | Mechanic | Total |
|---|---|---|---|
| ST | STRAIGHT TIME | K | N/C |
| ST | STRAIGHT TIME | K | N/C |

| | Subtotal for Job #4: | 0.00 |
|---|---|---|

**Job #5 - Warranty**
COMPLAINT: C/S THE ENGINE HOOD POPS UP WHILE
DRIVING DOWN THE ROAD.

CAUSE: LATCHES DO NOT
ENGAGE FAR ENOUGH INTO
BRACKETS

CORRECTION: INSTALL LONGER ARMS ON TWITCH
CATCH
WARRANTY APPROVED 0.50

| Labor Code | Description | Mechanic | Total |
|---|---|---|---|
| ST | STRAIGHT TIME | K | N/C |
| ST | STRAIGHT TIME | K | N/C |

| Parts Part # | Description | Qty | Price | Total |
|---|---|---|---|---|
| 76772 | LATCH,KEY LOCK,HOO | 2.00 | N/C | N/C |

| | Subtotal for Job #5: | 0.00 |
|---|---|---|

**Job #6 - Warranty**
COMPLAINT: C/S THE WEATHER STRIPPING ON THE
PASSENGER SIDE WINDOW BY THE PASSENGER
SEAT IS FALLING.

CAUSE: UNSTUCK

CORRECTION: ADD SMALL
AMOUNTS OF BLACK SILICONE AND
REATTACH
WARRANTY APPROVED 0.30

| Labor Code | Description | Mechanic | Total |
|---|---|---|---|
| ST | STRAIGHT TIME | K | N/C |
| ST | STRAIGHT TIME | K | N/C |

| | Subtotal for Job #6: | 0.00 |
|---|---|---|

**Job #7 - Warranty**
COMPLAINT: C/S THE RUBBER SEAL BEHIND THE DRIVERS
SEAT ON THE SLIDE OUT IS
LOOSE.

CORRECTION: REATTACH AND ADD SET SCREW SO
WONT COME
BACK LOOSE

WARRANTY APPROVED 0.50

| Labor Code | Description | Mechanic | Total |
|---|---|---|---|
| ST | STRAIGHT TIME | K | N/C |
| ST | STRAIGHT TIME | K | N/C |
| | | Subtotal for Job #7: | 0.00 |

---

**Job #8 - Warranty**
COMPLAINT: C/S THERE IS MOLDING FALLING OFF OF THE
KING BED, NEAR THE FRONT RIGHT
SIDE.

CAUSE: COMING UNSTUCK

CORRECTION: RESCURE W\SILICON
WARRANTY APPROVED 0.30

| Labor Code | Description | Mechanic | Total |
|---|---|---|---|
| ST | STRAIGHT TIME | K | N/C |
| ST | STRAIGHT TIME | K | N/C |
| | | Subtotal for Job #8: | 0.00 |

---

**Job #9 - Warranty**
COMPLAINT: C/S THE REAR BATHROOM DOOR FRAME IS
FALLING OFF

CAUSE: SCREWS PULLING LOSE

CORRECTION: ADD
BIGGER SCREW AND MORE SCREWS
WARRANTY APPROVED 0.50

| Labor Code | Description | Mechanic | Total |
|---|---|---|---|
| ST | STRAIGHT TIME | K | N/C |
| ST | STRAIGHT TIME | K | N/C |
| | | Subtotal for Job #9: | 0.00 |

---

**Job #10 - Warranty**
COMPLAINT: C/S THE RADIO/ BACK UP CAMERA FLASHES
BUT IT DOESN'T COME ON.

CAUSE: BAD UNIT

CORRECTION: R\R
MONITOR PANEL
WARRANTY APPROVED 0.30

| Labor Code | Description | Mechanic | Total |
|---|---|---|---|
| ST | STRAIGHT TIME | K | N/C |
| ST | STRAIGHT TIME | K | N/C |

| Parts Part # | Description | Qty | Price | Total |
|---|---|---|---|---|
| 421053 | MONITOR TOUCH SCREEN | 1.00 | N/C | N/C |

| Other Services Code | Description | Qty | Price | Total |
|---|---|---|---|---|
| FRT | FREIGHT FOR TOUCH SCREEN | 1.00 | N/C | N/C |

|  |  | Subtotal for Job #10: | 0.00 |
|---|---|---|---|

**Job #11 - Warranty**
COMPLAINT: C/S THE FOOT REST ON THE LEFT RECLINER
HITS THE FLOOR AND GETS STUCK. VERY HARD
TO OPEN/CLOSE.

CORRECTION: REPOSITION FOOT
REST\POSSIBLY MAY HAVE
TO RAISE COUCH ON SLIDE FLOOR
WARRANTY APPROVED 1.00

| Labor Code | Description | Mechanic | Total |
|---|---|---|---|
| ST | STRAIGHT TIME | K | N/C |
| ST | STRAIGHT TIME | K | N/C |

|  |  | Subtotal for Job #11: | 0.00 |
|---|---|---|---|

**Job #12 - Warranty**
COMPLAINT: C/S THE CHROME GRILL ON THE FRONT OF THE
UNIT HAS OVERSPRAY.

CAUSE: STAINED

CORRECTION: R\R GRILL
WARRANTY APPROVED 0.50

| Labor Code | Description | | Mechanic | Total |
|---|---|---|---|---|
| ST | STRAIGHT TIME | | K | N/C |
| ST | STRAIGHT TIME | | K | N/C |

| Parts Part # | Description | Qty | Price | Total |
|---|---|---|---|---|
| 129898 | GRILLE, FRONT CHRO | 1.00 | N/C | N/C |

| Other Services Code | Description | Qty | Price | Total |
|---|---|---|---|---|
| FRT | FREIGHT | 1.00 | N/C | N/C |

|  |  | Subtotal for Job #12: | 0.00 |
|---|---|---|---|

**Job #13 - Warranty**
COMPLAINT: C/S THE POWER CORDS FEMALE END IS FRAYED
AND BROKEN, WIRES EXPOSED.

CORRECTION: R\R TWIST LOCK ASSY ON UNIT
WARRANTY APPROVED 0.30

| Labor Code | Description | | Mechanic | Total |
|---|---|---|---|---|
| ST | STRAIGHT TIME | | K | N/C |
| ST | STRAIGHT TIME | | K | N/C |

| Parts Part # | Description | Qty | Price | Total |
|---|---|---|---|---|
| 446225 | INLET, POWER CORD, 50AMP, W/LED, BLACK | 1.00 | N/C | N/C |

|  |  | Subtotal for Job #13: | 0.00 |
|---|---|---|---|

**Job #14 - Warranty**
COMPLAINT: C/S THE TRIM IN THE HALL WAY RIGHT
BESIDE THE FIRE PLACE IS COMING



LOOSE.

CAUSE: CLEAN UP AND ADD SEAM TAPE
WARRANTY APPROVED 0.50

### Labor

| Code | Description | Mechanic | Total |
|------|-------------|----------|-------|
| ST | STRAIGHT TIME | K | N/C |
| ST | STRAIGHT TIME | K | N/C |
| ST | STRAIGHT TIME | K | N/C |

### Parts

| Part # | Description | Qty | Price | Total |
|--------|-------------|-----|-------|-------|
| 445576 | TAPE, SEAM, 7/8" X | 10.00 | N/C | N/C |

| | | | Subtotal for Job #14: | 0.00 |
|--|--|--|--|--|

**Job #GMSTD - External**
GOOD SAM MEMBER DISCOUNT

### Other Services

| Code | Description | Qty | Price | Total |
|------|-------------|-----|-------|-------|
| GMSTD | GOOD SAM MEMBER DISC | 0.00 | -5.00 | 0.00 |

| | | | Subtotal for Job #GMSTD: | 0.00 |
|--|--|--|--|--|

| | Parts Total: | 0.00 |
|--|--|--|
| | Labour Total: | 72.50 |
| | Sublet Total: | 0.00 |
| | Extras Total: | 13.05 |
| | Tax Total: | 5.99 |
| | **WORK ORDER TOTAL:** | 91.54 |

DATE VEHICLE DROPPED OFF _____

DATE OF APPOINTMENT _____

REPAIR COMPLETION DATE _____

OWNER NOTIFIED OF COMPLETION @ TIME _____ DATE _____

DATE RELEASED/COLLECTED _____

I/WE, THE UNDERSIGNED, ACKNOWLEDGE THE FOREGOING AS FACTUAL AND I/WE
HEREBY ACKNOWLEDGE RECEIPT OF THE COMPLETED WORKORDER. I/WE HAVE
INSPECTED MY/OUR VEHICLE AND HAVE EXAMINED THE WORK DONE. I/WE CONFIRM
THAT THE REQUESTED WORK HAS BEEN COMPLETED TO MY/OUR SATISFACTION.

SIGNATURE OF OWNER _____

CAMPING WORLD RV SALES - BILOXI
12020 SHRINERS BLVD
BILOXI MS 39532
(PH) 228-273-2790

WO #: 9687
Customer Name: 2587783 - CARTER, JACOB
Address: ·
       (  ·        )
Postal/zip. 35567
Phone#(res):
Phone#(bus):
Cell Phone:
Email:

WO Date: 19 NOV 18
Tag#: 2195 Y
Author: LANCE.SMITH
Stock No: 1467363
Year: 2019
Manufacturer: THOR MOTOR COACH
Brand: MIRAMAR
Model: 37.1
Length: 37'0"
Serial#: MAX03710025320
Chassis#: 1F66F5DYXJ0A12358
Miles/Hrs: 987
Purchased Date: 21 AUG 18
Warranty Date: 21 AUG 18
InService Date:

First Name: JACOB
ExtW Co: USP
ExtW No:
Promised Date: 08 MAY 19
Completed Date: 13 MAR 19
Invoice#:

**Job #1 - Warranty**
COMPLAINT: C/S AC ONLY BLOWS ON PASSENGER'S SIDE

CAUSE: DUCT DIVIDER IS NOT PROPERLY IN PLACE
ALLOWING COLD AIR TO MIX W/ WARM INTAKE
AIR

CORRECTION: R&I CEILING ASSY, SECURE DUCT DIVIDER IN
PLACE
WARRANTY APPROVED 1.00

| Labor Code | Description | Mechanic | Total |
|---|---|---|---|
| ST | STRAIGHT TIME | AE | N/C |
| ST | STRAIGHT TIME | AE | N/C |
| | | Subtotal for Job #1: | 0.00 |

**Job #2 - Warranty**
COMPLAINT: C/S LEAK BEHIND AWNING THAT DRIPS
DIRECTLY ONTO EXTERIOR OUTLET NEXT TO TV

CAUSE: GAPS IN SEALANT ALONG TOP AND BOTTOM OF
AWNING RAIL

CORRECTION: NEED TO CLEAN AND RESEAL TOP OF AWNING
RAIL ON PASS SIDE
WARRANTY APPVOED 0.50

| Labor Code | Description | Mechanic | Total |
|---|---|---|---|
| ST | STRAIGHT TIME | AE | N/C |
| ST | STRAIGHT TIME | AE | N/C |
| | | Subtotal for Job #2: | 0.00 |

**Job #3 - Warranty**
COMPLAINT: C/S REAR BEDROOM SLIDE BRINGS WATER INTO
UNIT. NOTED WATER MARKS ON FLOOR
LAMINATE NEAR VENT OUTSIDE BATHROOM.



CAUSE: HAS GAPS IN SEALANT AROUND ALL FLANGES
AND @ CORNERS BEHIND FLANGES

CORRECTION: WILL NEED TO R&I SLIDE OUT AWNING AND
THEN CLEAN AND RESEAL ALL FLANGES +
CORNERS
WARRANTY APPROVED 3.00

**Labor**

| Code | Description | | Mechanic | Total |
|------|-------------|---|----------|-------|
| ST | STRAIGHT TIME | | AE | N/C |
| ST | STRAIGHT TIME | | AE | N/C |

**Other Services**

| Code | Description | Qty | Price | Total |
|------|-------------|-----|-------|-------|
| FRT | FREIGHT | 0.00 | N/C | N/C |

| | | Subtotal for Job #3: | 0.00 |
|--|--|--|--|

**Job #4 - Warranty**
COMPLAINT: C/S FLOOR VENT AND FRIDGE SHOW SIGNS OF
RUST

CAUSE: RUSTING FROM SLIDE OUT LEAKING

CORRECTION: NEED TO R&R FLOOR VENT W/ NEW
WARRANTY APPROVED 0.10

**Labor**

| Code | Description | | Mechanic | Total |
|------|-------------|---|----------|-------|
| ST | STRAIGHT TIME | | AE | N/C |
| ST | STRAIGHT TIME | | AE | N/C |

**Parts**

| Part # | Description | Qty | Price | Total |
|--------|-------------|-----|-------|-------|
| 78930 | REGISTER, FLOOR, 2"X 10", BROWN, METAL, NON-CLOSING | 1.00 | N/C | N/C |

**Other Services**

| Code | Description | Qty | Price | Total |
|------|-------------|-----|-------|-------|
| FRT | FREIGHT FOR FLOOR REGISTER | 1.00 | N/C | N/C |

| | | Subtotal for Job #4: | 0.00 |
|--|--|--|--|

**Job #5 - Internal**
C/S GENERATOR OIL CHANGE

**Labor**

| Code | Description | | Mechanic | Total |
|------|-------------|---|----------|-------|
| ST | STRAIGHT TIME | | AE | N/C |

**Other Services**

| Code | Description | Qty | Price | Total |
|------|-------------|-----|-------|-------|
| SS2 | SHOP SUPPLIES | 1.00 | N/C | N/C |
| CWP | 5018840/0503/ONAN GEN OIL FILTER | 1.00 | N/C | N/C |
| CWP | 5024400/8596/OIL ONAMAX | 2.00 | N/C | N/C |
| CWP | 5024400/0509/WIX OIL FILTER | 1.00 | N/C | N/C |

| | | Subtotal for Job #5: | 0.00 |
|--|--|--|--|

**Job #6 - Internal**
8 PT INSPECTION

| | | Subtotal for Job #6: | 0.00 |
|--|--|--|--|

**Job #7 - Internal**
COMPLAINT: C/S CUSTOMER WOULD LIKE BATTERIES TESTED

CORRECTION: ONE CELL ON FRONT HOUSE BATT TESTED BAD

| Labor Code | Description | Mechanic | Total |
|---|---|---|---|
| ST | STRAIGHT TIME | AE | N/C |

| | | Subtotal for Job #7: | 0.00 |
|---|---|---|---|

**Job #8 - Warranty**
COMPLAINT: C/S REFRI DOOR SHOWS SIGNS OF RUST

CAUSE: SS DOOR HAS SMALL RUST STAIN/PITS

CORRECTION: NEED TO CLEAN W/ SS CLEANER
WARRANTY APPROVED 0.10

| Labor Code | Description | Mechanic | Total |
|---|---|---|---|
| ST | STRAIGHT TIME | AE | N/C |
| ST | STRAIGHT TIME | AE | N/C |

| | | Subtotal for Job #8: | 0.00 |
|---|---|---|---|

**Job #9 - Warranty**
COMPLAINT: C/S BRACKETS THAT SEAT LADDER ARE SPACED
TOO FAR APART AND WILL NOT HOOK LADDER

CORRECTION: WARRANTY APPROVED 0.20

| Labor Code | Description | Mechanic | Total |
|---|---|---|---|
| ST | STRAIGHT TIME | AE | N/C |

| Parts Part # | Description | Qty | Price | Total |
|---|---|---|---|---|
| 393956 | BUTTONS | 4.00 | N/C | N/C |
| 146369 | LOW BASE STUD | 4.00 | N/C | N/C |

| | | Subtotal for Job #9: | 0.00 |
|---|---|---|---|

| | Parts Total: | 0.00 |
|---|---|---|
| | Labour Total: | 0.00 |
| | Sublet Total: | 0.00 |
| | Extras Total: | 0.00 |
| | **WORK ORDER TOTAL:** | 0.00 |

DATE VEHICLE DROPPED OFF _____

DATE OF APPOINTMENT_____

REPAIR COMPLETION DATE_____

OWNER NOTIFIED OF COMPLETION @ TIME_____ DATE_____

DATE RELEASED/COLLECTED _____

I/WE, THE UNDERSIGNED, ACKNOWLEDGE THE FOREGOING AS FACTUAL AND I/WE
HEREBY ACKNOWLEDGE RECEIPT OF THE COMPLETED WORKORDER. I/WE HAVE
INSPECTED MY/OUR VEHICLE AND HAVE EXAMINED THE WORK DONE. I/WE CONFIRM
THAT THE REQUESTED WORK HAS BEEN COMPLETED TO MY/OUR SATISFACTION.

SIGNATURE OF OWNER _____



**CAMPING WORLD RV SALES - BILOXI**
12020 SHRINERS BLVD
BILOXI MS 39532
(PH) 228-273-2790

WO #: 10129
Customer Name: 2587783 - CARTER,
JACOB
Address:

Postal/Zip: 39507
Phone#(res):
Phone#(bus):
Cell Phone:
Email:

WO Date: 21 DEC 18
Tag#:
Author: LANCE SMITH
Stock No: 1467363
Year: 2019
Manufacturer: THOR MOTOR COACH
Brand: MIRAMAR
Model: 37.1
Length: 37'0"
Serial#: MAX03710025320
Chassis#: 1F66F5DYXJ0A12358
Miles/Hrs: 987
Purchased Date: 21 AUG 18
Warranty Date: 18 AUG 18
InService Date: 21 DEC 18

First Name: JACOB
ExtW Co: GS EXTW
ExtW No:
Promised Date: 28 DEC 18
Completed Date: 27 DEC 18
Invoice#:

---

**Job #1 - Warranty**
W/D COMING ON AND OFF WHILE TRAVELING
DOWN THE ROAD

Subtotal for Job #1:  0.00



Document printed: 02/20/2020

W/O: 10129
Promised Date: 28 DEC 18

Customer #: 2587783
CARTER, JACOB

|  | |
|---|---|
| Parts Total: | 0.00 |
| Labour Total: | 0.00 |
| Sublet Total: | 0.00 |
| Extras Total: | 0.00 |
| **WORK ORDER TOTAL:** | **0.00** |

DATE VEHICLE DROPPED OFF _____

DATE OF APPOINTMENT _____

REPAIR COMPLETION DATE _____

OWNER NOTIFIED OF COMPLETION @ TIME _____ DATE _____

DATE RELEASED/COLLECTED _____

I/WE, THE UNDERSIGNED, ACKNOWLEDGE THE FOREGOING AS FACTUAL AND I/WE
HEREBY ACKNOWLEDGE RECEIPT OF THE COMPLETED WORKORDER. I/WE HAVE
INSPECTED MY/OUR VEHICLE AND HAVE EXAMINED THE WORK DONE. I/WE CONFIRM
THAT THE REQUESTED WORK HAS BEEN COMPLETED TO MY/OUR SATISFACTION.

SIGNATURE OF OWNER _____

**CAMPING WORLD RV SALES - BILOXI**
12020 SHRINERS BLVD
BILOXI MS 39532
(PH) 228-273-2790

WO #: 10890
Customer Name: 2587783 - CARTER, JACOB
Address:

Postal/Zip: 39507
Phone#(res):
Phone#(bus):
Cell Phone:
Email:

WO Date: 15 MAR 19
Tag#: 3064 Y
Author: HASTON.ROGERS
Stock No: 1467363
Year: 2019
Manufacturer: THOR MOTOR COACH
Brand: MIRAMAR
Model: 37.1
Length: 37'0"
Serial#: MAX03710025320
Chassis#: 1F66F5DYXJ0A12358
Miles/Hrs: 5314
Purchased Date: 21 AUG 18
Warranty Date: 18 AUG 18
InService Date:

First Name: JACOB
ExtW Co: USP
ExtW No:
Promised Date: 24 SEP 19
Completed Date: 21 SEP 19
Invoice#: DE5502

**Job #1 - Warranty**
COMPLAINT: C/S DIGITAL ANTENNA DOES NOT ROTATE

CAUSE: SHAFT BETWEEN INSIDE AND ANTENNA TOO LONG

CORRECTION: TOOK OUT SHAFT CUT OFF 1/2 INCH, PUT BACK TOGETHER
WARRANTY APPROVED 0.2

**Labor**

| Code | Description | Mechanic | Total |
|---|---|---|---|
| ST | STRAIGHT TIME | TC | N/C |

Subtotal for Job #1: **0.00**

**Job #2 - Warranty**
COMPLAINT: C/S OUTSIDE TV BRACKET IS BENT AND CROOKED

CAUSE: BRACKET BENT AND RIVETS THAT HOLD IT TOGETHER ARE COMING LOOSE

CORRECTION: NEED TO R&R TV BRACKET
WARRANTY APPROVED 0.5

**Labor**

| Code | Description | Mechanic | Total |
|---|---|---|---|
| ST | STRAIGHT TIME | TC | N/C |

**Parts**

| Part # | Description | Qty | Price | Total |
|---|---|---|---|---|
| 504186 | BRACKET, TV, DOUBLE ARM SWIVEL, W/ MAGNETS, 15-1/2" EXTENSION, TV1-096 | 1.00 | N/C | N/C |

**Other Services**

| Code | Description | Qty | Price | Total |
|---|---|---|---|---|
| FRT | FREIGHT | 1.00 | N/C | N/C |

Subtotal for Job #2: **0.00**

**Job #3 - External**
COMPLAINT: C/S POSSIBLE LEAK IN BACK BATHROOM ABOVE
SHOWER (SEE TAPE)

CAUSE: NPF/ LOOKS LIKE WHERE TWO PIECES OF
PANEL BUTT TOGETHER ONE IS STICKING UP A
LITTLE

CORRECTION: NPF

**Other Services**

| Code | Description | Qty | Price | Total |
|------|-------------|-----|-------|-------|
| SS2 | SHOP SUPPLIES | 1.00 | 14.14 | 14.14 |
| | | **Subtotal for Job #3:** | | **14.14** |

**Job #4 - Warranty**
COMPLAINT: C/S MAIN SCREEN DOOR IS HUNG CROOKED

CAUSE: NEEDS ADJUSTMENT

CORRECTION: ADJUSTED DOOR
WARRANTY APPROVED 0.2

**Labor**

| Code | Description | Mechanic | Total |
|------|-------------|----------|-------|
| ST | STRAIGHT TIME | TC | N/C |
| | | **Subtotal for Job #4:** | **0.00** |

**Job #5 - Warranty**
COMPLAINT: C/S UNDERSIDE OF BOTTOM BUNK IS BROKEN

CAUSE: FRAME HAS BROKEN AND PULLED LOOSE ALSO
ACCESS BOARD IS BROKEN

CORRECTION: NEED TO REMOVE TOP PANELS- REBUILD FRAME
WORK AND REPLACE TOP PANELS
WARRANTY APPROVED 3.00

**Labor**

| Code | Description | Mechanic | Total |
|------|-------------|----------|-------|
| ST | STRAIGHT TIME | TC | N/C |

**Parts**

| Part # | Description | Qty | Price | Total |
|--------|-------------|-----|-------|-------|
| 0374273 | GTS, 4' X 8' X 1/2", LITE MDF, NEWPORT | 1.00 | N/C | N/C |
| 0374036 | TAPE, SEAM, 7/8", NEWPORT | 20.00 | N/C | N/C |

**Other Services**

| Code | Description | Qty | Price | Total |
|------|-------------|-----|-------|-------|
| FRT | FREIGHT | 1.00 | N/C | N/C |
| | | **Subtotal for Job #5:** | | **0.00** |

**Job #6 - Warranty**
COMPLAINT: C/S FAUCET IN KITCHEN IS LEAKING AROUND
BASE

CAUSE: INTERNAL GASKET/ WASHER FAILURE

CORRECTION: NEED TO R/R FAUCET
WARRANTY APPROVED 0.4



| Labor Code ST | Description STRAIGHT TIME | | Mechanic TC | Total N/C |
|---|---|---|---|---|

| Parts Part # 444507 | Description FAUCET, KITCHEN, SINGLE HOLE, SINGLE LEVER, PULL DOWN, BRUSHED NICKEL, 3538-BN | Qty 1.00 | Price N/C | Total N/C |
|---|---|---|---|---|

|  |  | Subtotal for Job #6: | 0.00 |
|---|---|---|---|

**Job #7 - Warranty**
COMPLAINT: C/S P/S SLIDE WINDOW BROKEN( SITTING IN PASS SEAT)

CAUSE: WINDOW FRAME CAME APART/ ALSO THE GLASS OUTSIDE HAS STARTED TO SEPERATE CAUSING A POPPING SOUND

CORRECTION: NEED TO R/R WINDOW
VENDOR DENIED, DISPUTING WITH VENDOR

|  | Subtotal for Job #7: | 0.00 |
|---|---|---|

**Job #8 - Warranty**
COMPLAINT: C/S BOTH FRONT SIDE WINDOWS POP WHEN DRIVING (SEE TAPE)

CAUSE: GLASS OUTSIDE IS SEPERATING

CORRECTION: NEED TO R/R WINDOW
VENDOR DENIED, DISPUTING WITH VENDOR

|  | Subtotal for Job #8: | 0.00 |
|---|---|---|

**Job #10 - Warranty**
COMPLAINT: D/S FRONT SEAT TORN

CAUSE: THREAD ARE TORN/ PULLING LOOSE

CORRECTION: R/R SEAT OR CUSHION COVER
WARRANTY APPROVED 1.00

| Labor Code ST | Description STRAIGHT TIME | Mechanic TC | Total N/C |
|---|---|---|---|

|  | Subtotal for Job #10: | 0.00 |
|---|---|---|

**Job #11 - External**
WASHER/DRYER NOT WORKING CORRECTLY ON GENERATOR

|  | Subtotal for Job #11: | 0.00 |
|---|---|---|

**Job #12 - External**
COMPLAINT: REPLACE MISSING PANEL IN BACK THAT WAS TAKEN OUT

CAUSE: CANNOT FIND ANY MISSING PANEL

|  | Subtotal for Job #12: | 0.00 |
|---|---|---|

**Job #13 - External**
ENGINE OIL CHANGE

| Labor Code | Description | | Mechanic | Total |
|---|---|---|---|---|
| ST | STRAIGHT TIME | | TC | 94.25 |

**Other Services**

| Code | Description | Qty | Price | Total |
|---|---|---|---|---|
| CWP | 5370444/71123/OIL FILTER | 1.00 | 10.69 | 10.69 |
| CWP | 5370444/56680/5W20 | 7.00 | 5.29 | 37.03 |

| | |
|---|---|
| Subtotal for Job #13: | 141.97 |
| Parts Total: | 0.00 |
| Labour Total: | 94.25 |
| Sublet Total: | 0.00 |
| Extras Total: | 61.86 |
| Tax Total: | 10.93 |
| **WORK ORDER TOTAL:** | **167.04** |

DATE VEHICLE DROPPED OFF _____

DATE OF APPOINTMENT _____

REPAIR COMPLETION DATE _____

OWNER NOTIFIED OF COMPLETION @ TIME _____ DATE _____

DATE RELEASED/COLLECTED _____

I/WE, THE UNDERSIGNED, ACKNOWLEDGE THE FOREGOING AS FACTUAL AND I/WE HEREBY ACKNOWLEDGE RECEIPT OF THE COMPLETED WORKORDER. I/WE HAVE INSPECTED MY/OUR VEHICLE AND HAVE EXAMINED THE WORK DONE. I/WE CONFIRM THAT THE REQUESTED WORK HAS BEEN COMPLETED TO MY/OUR SATISFACTION.

SIGNATURE OF OWNER _____

CAMPING WORLD RV SALES · BILOXI
12020 SHRINERS BLVD
BILOXI MS 39532
(PH) 228-273-2790

WO #: 13516
Customer Name: 2587783 - CARTER, JACOB
Address:
Postal/Zip: 3950/
Phone#(res):
Phone#(bus):
Cell Phone:
Email: j

WO Date: 11 NOV 19
Tag#: 324 B
Author: HASTON.ROGERS
Stock No: 1467363
Year: 2019
Manufacturer: THOR MOTOR COACH
Brand: MIRAMAR
Model: 37.1
Length: 37'0"
Serial#: MAX03710025320
Chassis#: 1F66F5DYXJ0A12358
Miles/Hrs: 987
Purchased Date: 21 AUG 18
Warranty Date: 18 AUG 18
InService Date:

First Name: JACOB
ExtW Co: USP
ExtW No:
Promised Date: 24 JAN 20
Completed Date:
Invoice#:

## Job #1 - Warranty
MAJOR LEAK INSIDE CAMPER, ALL LIVING ROOM FLOOR AREA HAS WATER UNDER IT, RUST IN AC VENT

| Labor Code | Description | Mechanic | Total |
|---|---|---|---|
| ST | STRAIGHT TIME | RY | N/C |
| | | Subtotal for Job #1: | 0.00 |

## Job #2 - Warranty
HOLE IN FLOOR BY WASHER/DRYER AREA

| Labor Code | Description | Mechanic | Total |
|---|---|---|---|
| ST | STRAIGHT TIME | RY | N/C |
| | | Subtotal for Job #2: | 0.00 |

## Job #3 - Warranty
STORAGE COMP NEXT TO ENTRY DOOR GETTING WATER, AND RUSTING ALSO

| Labor Code | Description | Mechanic | Total |
|---|---|---|---|
| ST | STRAIGHT TIME | RY | N/C |
| | | Subtotal for Job #3: | 0.00 |

## Job #4 - Warranty
C/S KITCHEN SINK AREA HAD A SEPERATE LEAK AND CUST HAD TO REMOVE SOME WOOD TO FIX LEAK, NEEDS WOOD TO GET PUT BACK

| Labor Code | Description | Mechanic | Total |
|---|---|---|---|
| ST | STRAIGHT TIME | RY | N/C |
| | | Subtotal for Job #4: | 0.00 |

W/O: 13516
Promised Date: 24 JAN 20

Customer #: 2587783
CARTER, JACOB

| | |
|---|---|
| Parts Total: | 0.00 |
| Labour Total: | 0.00 |
| Sublet Total: | 0.00 |
| Extras Total: | 0.00 |
| **WORK ORDER TOTAL:** | **0.00** |

DATE VEHICLE DROPPED OFF _____

DATE OF APPOINTMENT _____

REPAIR COMPLETION DATE _____

OWNER NOTIFIED OF COMPLETION & TIME _____ DATE _____

DATE RELEASED/COLLECTED _____

I/WE, THE UNDERSIGNED, ACKNOWLEDGE THE FOREGOING AS FACTUAL AND I/WE
HEREBY ACKNOWLEDGE RECEIPT OF THE COMPLETED WORKORDER. I/WE HAVE
INSPECTED MY/OUR VEHICLE AND HAVE EXAMINED THE WORK DONE. I/WE CONFIRM
THAT THE REQUESTED WORK HAS BEEN COMPLETED TO MY/OUR SATISFACTION.

SIGNATURE OF OWNER _____